By the Court. Woodruff, J.
The appellant, Joyce, one of the defendants herein, having a claim for work and materials done and furnished towards the erection of a building in the city of New York, against the person who contracted to erect such building for the owner, on the 3d of October, 1851, took the steps prescribed by statute to create a lien upon the building, and afterwards instituted the proceedings (also prescribed by statute) in the Court of Common Pleas, to bring such lien to a close, and issue was joined in such proceedings prior to October, 1852. Before the issue was brought to trial, the building itself was sold under a judgment or decree for the payment of some prior claim: And the owner of the building being at the same time pursued in this Court by the contractor, upon his original contract, this action (in the nature of a cross action,) was commenced by the owner in February, 1854, for the purpose of determining to whom the surplus of the proceeds rightfully belonged, and to settle the conflicting claims of such original, owner of the building, the-contractor, and the defendant Joyce, and other defendants, who also claimed to have liens under the statute, and out of such surplus proceeds the amount remaining due to the *624 original contractor, was brought into this Court.. An injunction originally granted to restrain the defendant, Joyce, (the present appéllant) from proceeding farther in his proceedings to foreclose his lien, was in November, 1855, so modified as to permit the appellant to proceed with the trial of the issue joined in his proceeding to foreclose.
The appellant being, as he states, desirous of avoiding a double litigation, omitted to proceed with his action in the Court of Common Pleas, and awaited the trial herein. In November, 1856, this action came on for trial, in the Special Term. On the trial the counsel for the appellant—under the conviction that it was sufficient for the protection of his client to show that he had taken the requisite steps, under the statute, to create a lien, and that his proceedings for the foreclbsure were stÜl pending, and supposing that the Court of Common Pleas alone had jurisdietion to determine whether such hen was a valid, binding lien, and settle the amount thereof—gave ño proof of his claim other than the condition and pendency of the proceedings in the Court of Common Pleas.
The Court held, that such evidence was not sufficient to entitle him to participate in the fund in this Court then-to be distributed, and gave judgment directing the distribution of the fund among the other claimants, and excluded the appellant from - any share thereof.
At what time this decision and judgment thereon were given does not appear by the papers before us, nor when the appellant first had notice thereof; but in April thereafter the appellant applied by petitioñ and affidavits to the Special Term, and moved thereon that the case be so far opened that he- be permitted-to prove the existence of his lien, and the amount of his claim, and establish thereby his title to participate in- the fund in question-, with such priority as might appear by the evidence to be just and legal. - ■
This motion could only have been properly urged' upon the ground of surprise or excusable neglect, since if the appellant wished to insist that there was error in the. decision or judgment, he should, upon due exception, have appealed therefrom.
The motioñ was denied, and he now appeals from the order denying that motion. ' ;
*625 In substance and effect, this was a denial of a motion for a new trial of the claim of the appellant. We think that the order was therefore an appealable order, under the Code, as amended in 1851. § 349, sub. 2.
By § 174 of the Code, power is given to the Court, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, to relieve a party from a judgment, order, or other proceedings taken against him through his mistake, inadvertence, surprise, or excusable neglect.
There is, therefore, no want of power in the Court to grant to the appellant the relief sought by his motion.
We are not willing to sanction the idea, that under any ordinary circumstances, the mere mistake of counsel in regard to the law of his case will entitle a party to relief, when he discovers what is pronounced to be the law by the decision of the Court.
But on the other hand, there may be a case so novel and peculiar in its nature, in which it is so palpable that actual injustice may, and probably has been done, and where there are no other means of relief, that the Court will feel bound to relieve the party from the consequence of the inadvertence, and mistake of his counsel, although it arose from a misapprehension of the law or rules of practice, if that can be done without prejudice to the rights of the other parties; by which is meant, without any loss to them, other than such as may necessarily result from establishing what may be shown to be the rights of the party applying.
It is not without some hesitation that we have been brought to the conclusion that the present is such a case; and a conviction, that the ends of justice demand that the defendant should be relieved, and that such relief may be given without any injustice to others, leads us to say that the motion should be granted upon proper terms.
The judgment has not been executed, and therefore, if the other parties are not subjected to any further costs, they will not be prejudiced otherwise than by the brief delay which may be caused by the further enquiry sought.
The Statute under which the appellant was proceeding, is of recent enactment. Of the proceeding itself, to foreclose the lien prescribed by the Statute, this Court clearly had no jurisdiction.
*626 The Statute has pointed out the mode of bringing the party against whose property the lien was asserted to an accounting and settlement, and authorizes a judgment directing a sale of the right, title, and interest of the owner, for the payment of the amount, for which, on such accounting, a hen should be established.
But that proceeding under the Statute must be brought in a Justices’ Court, or the Court of Common Pleas; this Court has no jurisdiction thereof. When the property to be affected by such a proceeding was sold by the judgment of this Court, and was withdrawn from the reach of the appellant, by any judgment or decree in his proceeding in the Common Pleas, and the controversy thereafter was to be concerning the balance due from the owner to the original contractor, which had been brought here under the order of this Court in the cross action, and which was claimed to be due to the lien holders, as a substitute for the property itself; it is obvious that novel and interesting questions— . chiefly questions relating to the practice of the Court, and mode of investigating and settling the claims of the parties—at once arose —and whether this Court would direct issues to try the claims, or direct an accounting and settlement to be had before the Court, or whether they must regard the Court of Common Pleas as having exclusive jurisdiction to determine the existence and amount of the Statute liens, were also questions which were new, and, in relation thereto, counsel were without the aid of any adjudication or precedent.
Again, the property having been sold, it is now obvious that if the appellant be not permitted to participate in the fund now in this Court, he is remediless. There is no property upon which a judgment, in the Common Pleas, establishing his lien, can operate ; and therefore, if this motion be denied, his loss is inevitable, if he indeed, have the lien which is asserted. And this he must lose, not because his claim has been investigated, and on investigation, been held invalid, but because his counsel, under the circumstances above suggested, has misconceived the mode in which that claim should be supported, or through misapprehension has failed to support it at all.
This result can be avoided without any injury or danger of wrong to the other parties. No further investigation of the *627 claims of those whose Kens are established by the former trial is necessary.
The appeHant does not seek to controvert those claims. The question of priority, alone can affect the other defendants at all, and as to that question, it will be no injustice to them to permit the appellant, if he establish his claim, to stand where the priority to which he may be justly entitled, wiK place him.
The costs of the further enquiry may be cast upon the appellant as one of the conditions of the rehef.
We think that these considerations should induce us to grant the appeHant the privilege sought by his motion, unless such laches are imputable to him, by reason of the lapse of time, as should bar his appeal to our discretion.
Without impairing the value or force of the rule which requires, that motions of this description should be made without unnecessary delay, and that the party should be diligent and active in. the protection of his rights, we may yet say, that where the delay has not placed the opposing party in any worse condition, or deprived him of any advantage which he ought in justice to have or keep, it is harsh to refuse what we think otherwise just on that mere ground, and we may properly allow an excuse which otherwise would be very clearly insufficient.
In this case the first aUeged delay is the failure to prosecute his proceeding in the Common Pleas, after the injunction was removed. In relation to that, what has already been suggested} of the mistake or inadvertence of counsel, may be regarded as rendering the neglect excusable within the meaning and spirit of the provision of the Code already referred to.
The other supposed want of diligence consists in not making his motion at an earKer day. The motion papers do not show when the decision adverse to the appellant was made, and judgment entered. The points of the counsel, for the respondents, state, that judgment was entered in January, 1857. The motion papers were, in part, prepared in March, and the petition was served in April. At what time prior to this the appeHant had notice of the judgment, does not appear.
We do not suppose that the Legislature, in Kmiting the time within which the Court might relieve, to one year from notice of the judgment, intended that in aU cases an appKcation within *628 one year should be deemed in due season, when, upon the whole case, the delay seemed unreasonable and prejudicial to the adverse party. But we nevertheless regard it as furnishing some guide when mere delay is objected to what would be otherwise just, and when the delay itself has been in no wise prejudicial.
Upon the whole case, the circumstances seem to us to require that the motion should be granted. But upon terms which we think will fully secure the respondents against any loss or injustice from the order to be made.
The appellant .must pay the costs of the motion at Special Term.
He must execute to the respondents an undertaking with at least one resident surely, in $250, for the payment of all .the costs of the inquiry which is opened.
.He must consent to a reference, or to a trial before the Court, as the respondents may elect, waiving all claim that the lien should be tried and determined in the Court of Common Pleas, and enter into a stipulation to that effect.
He is not to question the amount of the claims of the other parties, nor open any question that is settled by the adjudication already made, except only the amount of his own claim, and its priority in relation to the other parties.
Upon these terms, the judgment may be so far opened as to permit the appellant to establish, if he be able, that he has a lien, the amount thereof, and the order of priority which it equitably or legally has, as between aH the parties, and that such modification of the judgment already entered may be made, or such new judgment may be thereupon entered, as to the Court at Special Term may seem just.
Ordered accordingly.