JOHN C. ANDERSON, Respondent, *v.* WALTER S. CARR *et al.*, Appellants.

*Supreme Court, Second Department, General Term, September 9, 1889.*

1. *Judgment. Vacation.*—A judgment, entered in consideration of the settlement of a claim with a third person, will not be vacated in the absence of proof of fraud on the part of plaintiff.

2. *Same.*—A party is not entitled to have a void judgment or order, entered upon his consent, vacated.

Appeal from an order denying motion to vacate and set aside a judgment.

*John J. Leary,* for appellant.

*North, Ward & Wagstaff,* for respondent.

CULLEN, J.—We think that the defendant did not show a case entitling him to have the judgment entered in this action vacated. That judgment was entered upon his consent. His daughter, Mrs. Watson, had brought ejectment against the plaintiff's grantees, alleging that the will under which the plaintiff claimed title was void. She succeeded in that action at circuit, and an appeal was taken to the general term. Pending that appeal this action was instituted to establish the will. Negotiations were had for the settlement of the daughter's claim. When the time for the settlement of the daughter's claim arrived, the plaintiff refused to consummate the settlement unless the defendant, Carr, would consent to the entry of judgment against him in this action; accordingly the daughter's husband obtained from defendant such consent, stating that the counsel were of opinion that he had no interest in the property. He now seeks to avoid that consent on the ground that such advice was wrong.

Assuming that the defendant had a right of curtesy in the property, in case the will of the grandfather was void, the opinion given by the counsel, though erroneous, was not necessarily dishonest or fraudulent. The daughter's case had been once at the general term on appeal from an adverse judgment, and she had finally recovered at the circuit without the point that the father had his curtesy having been raised, a point which, if well founded, would have been fatal to her action. That there was a possibility of such claim was apparent, for Carr was made a party to this action to bar any such claim. The plaintiff's counsel made it a condition of the settlement that the defendant's claim, if any, should

be barred by his consent to the judgment. The nature and effect of the consent was understood by the defendant, and though he was told he had no valid claim, he must have been aware that the only object of the consent was to cut off the possibility of a claim. On this consent the plaintiff paid for the daughter's interest. The plaintiff and defendant dealt at arms' length. While there are intimations of collusion between the defendant's attorney and the plaintiff, there are no facts shown to prove such averments, and they are explicitly denied by the parties charged. If such, however, be the fact, the defendant can avoid the judgment for fraud in a direct action brought for that purpose. But in the absence of proof of fraud on the plaintiff's part, he should not be deprived of the benefits of his settlement, certainly not without an offer to restore to him what he has paid on account of that settlement.

It is objected that as the court of appeals has held that this action will not lie, the judgment was entered without jurisdiction and is void. Such result does not follow. But if the judgment be void defendants can assail it collaterally whenever it may be set up as a bar to his rights. It has been repeatedly held that a party is entitled to have a void judgment or order vacated, and not be remitted to his collateral action. This is true where the order or judgment complained of was made against his opposition or without his authority. But that principal cannot apply where the party has consented to the entry of the judgment or order.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurs.

## NOTE ON " VACATION OF JUDGMENT."

The case, made on moving and counter affidavits, held insufficient to justify setting aside a decree of divorce. Redding *v.* Redding, 60 Hun, 286.

The court should exercise its power in setting aside judgments, obtained by fraud, by action and not on motion. Mattern *v.* Sage, 15 Daly, 38.

A judgment, on settlement, will not be vacated in the absence of proof of fraud on the plaintiff's part. Anderson *v.* Carr, 54 Hun, 634.

A party is not entitled to have a void judgment or order, entered upon his consent, vacated. Id.

As to what must be alleged and shown in an action to set aside judgments on ground of newly-discovered fraud, see Mayor, etc., *v.* Brady, 25 N. Y. St. Rep. 106.

Where the plaintiff knew such facts before the entry of judgment he should have exhausted his remedy at law before resorting to equity. Id.

The court can vacate a judgment more than one year after its entry. Vandenberg *v.* Mayor, etc., 57 Supr. 285.

The affected party, though not bound by the judgment, may move to correct, amend or modify it, without waiting till it is used as a means of offence against him. Id.

As to what the plaintiff must show in an action to set aside a judgment, see Merrifield *v.* Bell, 60 Hun, 576.

A judgment, entered before time of a defendant to answer had expired, should be set aside, though on trial there was an adjudication of his death, Parker *v.* Linden, 36 N. Y. St. Rep. 844.

As to when a reference to take proof should be had before making the final disposition on an application to open a default, see Dovale *v.* Ackermann, 55 Hun, 606.

As to when a judgment of foreclosure will not be set aside, see Lester *v.* Mann, 52 Hun, 615.

As to when a judgment on an offer will not be set aside at the suit of another creditor, see Trier *v.* Herman, 115 N. Y. 163.

An execution creditor may set aside as fraudulent a confessed senior judgment, where one of the defendants in each judgment is a member of both firms, to the extent of his interest. Utter *v.* McLean, 53 Hun, 568.

The grounds for setting aside a judgment taken upon inquest was held insufficient in Kitson *v.* Blake, 60 Hun, 579.

A court of co-ordinate jurisdiction cannot vacate a judgment of another court or fraud in procuring the contract on which it is based. Mayor, etc., *v.* Brady, 115 N. Y. 599.

Where the affidavits on motion to set aside a judgment for want of the service of a summons are numerous and conflicting, a reference should be ordered to determine the question of service, or the judgment retained as

security, though opened so far as to enable the defendant to appear and defend. Kinne *v.* Meyer, 57 Hun, 587.

Terms should not be imposed upon the plaintiff, regular in practice, on opening a default, as a condition for an immediate trial. Hinz *v.* Starin, 53 Hun, 634.

In such case, pecuniary terms should be imposed on the defendant. Id.

Where a fraud is practiced upon the court in procuring the judgment, the remedy is by application to that court to set it aside. Town of Ontario *v.* First Nat. Bk., 59 Hun, 29.

The decree of a competent tribunal cannot be questioned collaterally. Id.

An order, directing the cancellation of a supreme court judgment, does not affect a judgment of the justice's court docketed on a transcript in the county clerk's office, though intended. Wheeler *v.* Emelute, 58 Hun, 369.

A decree, on the hearing of all interested parties and acquiesced in, will not be disturbed, unless on the strongest proof, even though erroneous. Matter of Waack, 24 N. Y. St. Rep. 375.

An irregular order, after vacation, affords no protection to acts which may have been performed under it. Farnsworth *v.* Western U. Tel. Co., 3 Sil. (S. C.) 30.