(8 Misc. Rep. 76.)

## DUDLEY v. BRINCK.

(City Court of New York, General Term. April 23, 1894.)

JUDGMENT—OPENING DEFAULT—CONDITIONS.

Requiring defendant to give a bond with sureties to pay any judgment which plaintiff may recover as a condition of opening a default will not be disturbed where the motion was not made until after the granting of an order to examine defendant in supplementary proceedings, and after defendant had resisted the taxation of costs.

Appeal from special term.

Action by Augustus P. Dudley against Caroline Brinck. From an order imposing conditions on opening a default, defendant appeals. Affirmed.

Argued before NEWBURGER, McCARTHY, and CONLAN, JJ.

E. F. James, for appellant.

Shepard & Prentess, for respondent.

CONLAN, J. This is an appeal from an order entered March 5, 1894, opening a default upon the terms that the defendant, within three days after the service of a copy of the order, give a bond in the sum of $1,000, with two sufficient sureties, conditioned for the payment of any judgment the plaintiff may recover in the action; said bond to be approved, as to form and sufficiency, by a justice of this court, and the sureties to justify on two days' notice, if excepted to; said notice to be given within two days after notice of exception; and, on failure to justify, new sureties to be substituted, and justify as aforesaid, and also pay $10, costs of this motion. In case of failure to give bond as required, motion denied, with $10 costs. If bond given, and sureties justify, then the order in supplementary proceedings to be vacated, and cause to be placed on calendar for trial. In this case the default was taken January 18, 1894, and the costs taxed January 23, 1894. The defendant's attorney appeared on the taxation, and objected to certain items in the bill, and judgment was entered on that day for $863.65. Execution was thereupon issued, and returned unsatisfied on March 1, 1894, 36 days after entry of judgment. An order to examine the defendant in supplementary proceedings was granted, returnable the 3d day of March, 1894, and was served on the defendant on the 1st day of March, 1894. The motion to open the default was not made until after the granting of the order in supplementary proceedings. The claim on the part of the attorney for the defendant that the default was the result of business engagements and inadvertence appears to exist more in imagination than in fact. The time occupied in opposing taxation could be more usefully employed in moving to open the default. If the terms imposed appear harsh to the defendant, they are the natural and reasonable result of what appears to be inexcusable delay. We think the justice at special term fairly exercised his discretion in making the order of March 5th, and also in denying the application for a resettlement of said order March 8, 1894. Both orders affirmed, with costs. All concur.