(15 Misc. Rep. 443.)

FUCHS & LANG MANUF'G CO. v. SPRINGER & WELTY CO. (two cases).

(City Court of New York, General Term. January 28, 1896.)

1. OPENING DEFAULT—REASONABLE CONDITIONS.

Requiring defendant, as a condition on which a judgment by default will be opened, to deposit with the clerk of the court a certain sum to secure plaintiff's claim, costs, and disbursements, is a fair exercise of the court's discretionary power, where there were subsequent judgments against defendant which would become prior liens if plaintiff's judgment were set aside.

2. SAME—DENYING RIGHT TO APPEAL.

Requiring defendant, as a condition on which a judgment by default will be opened, to consent that the verdict on the trial should be final, and that no appeal should be taken therefrom for any reason, affects the substantial right, and will not be sustained.

Appeal from special term.

Two actions by the Fuchs & Lang Manufacturing Company against the Springer & Welty Company. From a conditional order, made in each case, opening the judgment obtained by default, and allowing defendant to come in and defend the action, and from a final order denying defendant's motion to open the default, because of defendant's failure to comply with the conditions imposed on it by the first order, defendant appeals. Conditional order affirmed in part. Final order reversed.

Argued before McCARTHY and BOTTY, JJ.

Boothby & Warren, for appellant.

J. E. Ludden, for respondent.

BOTTY, J. The facts disclosed by the affidavits used on the motion to open the judgment taken by default against the defendant show that the defendant was unable to meet its debts, and that its property was sold by the sheriff under and by virtue of several executions issued upon judgments recovered by plaintiff and other creditors. To grant the defendant's motion to open the default without requiring it to furnish security of some sort to satisfy the plaintiff's claims, costs, disbursements, etc., would, in effect, defeat the plaintiff in the collection of its claim, and give other execution creditors a preference over plaintiff. Under the circumstances, the requirement of the deposit with the clerk of this court of the sum mentioned in the order, to secure the plaintiff's claim, costs, disbursements, and expenses of sale, as a condition of opening the default and setting aside the judgment and execution, was not unreasonable; but the same was a fair exercise of the court's discretionary power in the premises, and the same should be sustained.

The other condition imposed upon the defendant by the terms of said order, viz. that it consent that the verdict of the jury upon the trial of the action should be final, and no appeal taken therefrom for any reason, affects a substantial right, of which no litigant should be deprived. We are therefore unable to sustain that part of the order.

Order of September 27, 1895, appealed from, affirmed, without costs, except as to that part thereof which required the defendant to

consent that the verdict of the jury shall be final, and no appeal taken therefrom for any reason.   Let the defendant (appellant) have 10 days from the date of the service of the order on this appeal within which to comply with the conditions of said order opening the default; and let the trial of the actions be set down for Monday, February 17, 1896.

The conditional order of September 27, 1895, having been affirmed in part only, it follows that the final order of October 8, 1895, must be reversed.   The same is accordingly reversed, without costs.