(17 Misc. Rep. 233)

## GIDEON v. DWYER.

(Supreme Court, Special Term, New York County. May, 1896.)

JUDGMENT—OPENING DEFAULT—NEGLECT OF ATTORNEY.

In New York a default permitted by the negligence or misconduct of defendant's attorney may be opened.

Action by David Gideon against Philip J. Dwyer for slander. Defendant moves to open judgment entered for default of an answer. Granted.

For decision on appeal from an order overruling a demurrer to the complaint, see 33 N. Y. Supp. 754.

Charles J. Patterson, for the motion.
Horwitz & Hershfield, opposed.

PRYOR, J. The action is for slander. The defendant demurred to the complaint for insufficiency in substance; but the demurrer was overruled, with leave to answer. Instead of answering, however, the defendant appealed to the general term from the interlocutory judgment on the demurrer; but it was affirmed again, with leave to answer. Still the defendant declined to answer, and appealed to the court of appeals from the affirmance of the interlocutory judgment. The court of appeals, having no jurisdiction of the appeal, dismissed it. No answer being yet interposed, on the 7th of January, 1896, judgment by default was taken against the defendant, and a

writ of inquiry issued, whereupon the plaintiff's damages were assessed in the sum of $15,000. On the 13th of February, 1896, a motion to set aside the inquisition by the sheriff's jury was denied; and on the 21st of February, 1896, final judgment for $15,744.75 was entered against the defendant. This judgment he now moves to vacate, that he may defend the action on the merits.

Upon the motion the defendant submits the answer he proposes to introduce, and it consists of a denial of the defamatory words imputed to him. The denial is supported by the oath of the defendant and of two other witnesses to the interview in which the slander is charged to have been uttered. On the other hand, the plaintiff produces proof of the fact that the defendant did speak the slander as charged in the complaint, but upon the present motion such evidence is irrelevant and inadmissible. "The hearing of evidence is confined to the question whether the judgment has been taken through the inadvertence, mistake, surprise, or excusable neglect of the defendant. The applicant is not required to make more than such a prima facie showing of merits as arises from his own affidavits. The Code did not intend that there should be two trials of the merits. Therefore the defendant is not required to prove his defense, as he would at the trial; nor can his affidavit of merits be controverted." Freem. Judgm., § 109, and citations; Burnham v. Hays, 58 Am. Dec. 396, note; Catlin v. Latson, 4 Abb. Prac. 248. From the history of the case, as above recited, the fact is apparent that the default sought to be opened was not inadvertent, but intentional and persistent. Unless, therefore, the defendant can exculpate himself from all blame in the matter, he has no claim to the relief he solicits. In excuse of the default the defendant alleges, without contradiction, that he promptly apprised his attorney of his innocence of the slander, and desired the case tried on the merits; that the attorney advised him that the words were not actionable, and that the proper course was to demur to the complaint; that he consented to this step upon the attorney's assurance that a trial of the merits might be had after the disposition of the demurrer; that he did not hear from his attorney again until after the affirmance of the interlocutory judgment by the general term, when he was informed that the damages were to be assessed by a sheriff's jury; that he did not know the case had been allowed to go by default; that he was advised by his attorney that it was necessary to have the damages assessed by a sheriff's jury, and he was not aware that such course would deprive him of a trial on the merits; that, being unacquainted with litigation, and ignorant of the practice of the courts, he left the matter in the attorney's hands; that not till after the assessment of damages did he learn that he had forfeited the right to a trial on the merits; that he had been advised to the contrary effect by his attorney; that he was always anxious for such trial, and has lost it without his knowledge or consent, and solely by the attorney's misconduct of the cause; that he is ready for trial at any moment, is amply able to pay any judgment against him, and is willing to submit to any terms that may be imposed as a condition of the relief he prays. Confessedly, the defendant is deprived of the

opportunity to make defense to the action on the merits, and is so deprived by the improvidence and bad management of his attorney. But is that a legal excuse for the default? Is the incompetence and negligence of the attorney ground for opening the default? Upon the argument I should have had no hesitation in returning a negative answer to the question. But, on looking in the books, I find that while in other states the attorney's misconduct binds the client beyond relief, such is not the law of New York. "The neglect of an attorney is uniformly treated as the neglect of the client, except in New York." Freem. Judgm. § 112. In Sharp v. Mayor, etc., 31 Barb. 578, it was held that "the supreme court has power to relieve a party to an action pending in it from a judgment or order obtained by reason of the negligence, ignorance, or fraud of his attorney"; the court saying, per Mullin, J.: "There is no justice in permitting one party to obtain an undue advantage over another through the neglect or misconduct of that other's attorney. Courts of law are not to be used by parties in effecting, through the forms of law, the ruin of a party who has employed an incompetent, negligent, or unworthy attorney." In opening a default suffered through the negligence of an attorney, Chief Justice Robertson, of the superior court, adopted the language of Mullin, J., in Sharp v. Mayor, and added: "It would certainly work great hardship if the representative of a party, by courtesy and fiction of law an officer of the court, could inflict on a client unbounded injury, and there was no redress but by the doubtful remedy of an action for negligence." Elston v. Schilling, 7 Rob. (N. Y.) 74. In President, etc., of Eagle Bank v. Holley, 7 Cow. 514, the defendants were relieved from an inquest, although the absence of their attorney was the deliberate effect of a mistake in law. See Meacham v. Dudley, 6 Wend. 514; Greer v. Mayor, 4 Rob. (N. Y.) 675; Levy v. Joyce, 1 Bosw. 622. What decision of the motion is the dictate of justice? That this inordinate judgment, obtained without a hearing on the merits, through the incompetence of the attorney, should stand against the sworn and sufficient defense now proffered for immediate trial? If the plaintiff's case be good, the presumption is that a jury will again give him a verdict, and a verdict commensurate with his injury. If, on the other hand, there is a valid defense to the action, surely he should not be permitted to retain an iniquitous judgment, precipitated by a blunder for which the defendant is in no way responsible. If the plaintiff be paid all costs and all the expenses he has hitherto incurred in the action, be allowed an immediate trial, and the judgment suffered to stand as security for any sum a jury may award him, wherein is he wronged or justice defeated? As said by Woodruff, J., in Levy v. Joyce, 1 Bosw. 622, 625:

"There may be a case so novel and peculiar in its nature, in which it is so palpable that actual injustice may, and probably has been, done, and where there are no other means of relief, that the court will feel bound to relieve the party from the consequence of the inadvertence and mistake of his counsel, although it arose from a misapprehention of the law or rules of practice, if that can be done without prejudice to the rights of the other parties; by which is meant, without any loss to them, other than such as may neces-

sarily result from establishing what may be shown to be the rights of the party applying."

The words of the same eminent and upright jurist, continuing the paragraph just quoted, are a correct expression of my own sentiments in disposing of the motion; namely, that:

"It is not without some hesitation that we have been brought to the conclusion that the present is such a case; and a conviction that the ends of justice demand that the defendant should be relieved, and that such relief may be given without any injustice to others, leads us to say that the motion should be granted upon proper terms."

Motion granted on the terms indicated, with $10 costs to the plaintiff.