(19 Misc. Rep. 278.)

### FIRST NAT. BANK OF KANSAS CITY v. HALL.

(Supreme Court, Special Term, Saratoga County. January, 1897.)

COSTS—DEPOSIT IN LIEU OF SECURITY—WITHDRAWAL.
　　Leave to withdraw money deposited in lieu of an undertaking for costs (Code Civ. Proc. § 3272) cannot be granted before expiration of the time within which an appeal may be taken from a judgment for plaintiff.

Action by the First National Bank of Kansas City against John Hall. Plaintiff moves for leave to withdraw money deposited by it as security for costs. Denied.

C. S. & C. C. Lester, for plaintiff.
L. H. Northrup, for defendant.

KELLOGG, J. It appears that an order was made in this action in June, 1895, requiring the plaintiff, as a nonresident, to file an undertaking for costs, or deposit $250, under sections 3268 and 3272 of the Code, and, in compliance with such order, the plaintiff paid into court the $250; that thereafter a trial was had, which resulted in a judgment in favor of plaintiff; that the time allotted in which to appeal from such judgment has not expired, and counsel for defendant, in open court, declares his intention to appeal therefrom. Motion is now made by plaintiff's counsel for leave to withdraw the money so deposited, and he urges as grounds that, plaintiff having obtained a judgment, the presumption arises that there can be no further liability for costs on the part of plaintiff, and hence the whole purpose of the Code provision has been accomplished. It seems to me that this is giving a too limited construction to the law. The object of the law was to give protection to the citizens of the state to the extent of costs of litigation with nonresidents of the state, who presumably have no property within the jurisdiction. It is not limited to costs before judgment, but embraces all costs of the action until litigation ceases; and it cannot be said that litigation has ceased, certainly, until sufficient time after judgment has elapsed for appeal, and it can be shown that no appeal has been taken. The deposit of money is a substitute for the filing of an undertaking, and the obligation which attaches to the deposit is precisely the same as the obligation in the undertaking itself. To ask the court to order the return of the money is not different from asking the court to direct the surrender of the undertaking; and, if the court has the power to direct the surrender of the undertaking, it follows that the court would have power, in the first instance, to limit the liability of sureties to the costs of the action up to the time of entry of judgment,—a power which no court has yet assumed to exercise. This leads me to the conclusion that the order asked for is not a discretionary order, and that the court has no power over the rights of the defendant to his security, once furnished, until litigation in the action has ceased.

Motion denied.