## EARLY v. BARD et al.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. JUDGMENTS—VACATION—NEGLIGENCE OR IGNORANCE OF ATTORNEY.

Plaintiff sued, as defendant's trustee in bankruptcy, to set aside certain fraudulent conveyances, and recovered judgment in his favor after a trial on the merits, in which defendant's counsel, after consulting with the bankrupt, declined to put in any evidence. Thereafter the bankrupt applied to have the judgment set aside on the ground that his attorney "negligently, unwisely, and improperly refused to put in evidence in defense," and that by reason of such misconduct the bankrupt was placed in a false light, in consequence of which an unjust, decision was made against him. The application, however, did not state that the case had been submitted without defendant's consent, nor did it contain any facts tending to show that defendant's attorney was guilty of misconduct or negligence, or that defendant had material evidence which might have been introduced. *Held*, that an order granting such application was error.

Appeal from Special Term, Westchester County.

Action by Daniel J. Early, as trustee in bankruptcy of the estate of William H. Bard, against William H. Bard and others. From an order setting aside a judgment in favor of plaintiff, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

G. A. Seixas, for appellant.
Eugene Archer, for respondents.

HIRSCHBERG, P. J. This action is brought by the plaintiff, as the trustee in bankruptcy of William H. Bard, against the said William H. Bard, his daughter Harriet E. Bard, and another defendant, for the purpose of setting aside conveyances of real estate alleged to have been fraudulently made by the defendant William H. Bard to the other defendants. The answer of the defendant William H. Bard is a general denial. The case was duly tried, and resulted in a decision and judgment in favor of the plaintiff. By the order appealed from, the judgment is vacated and set aside, and, to quote the language of the order, "the inquest opened, and the said defendants let in to defend the action, with the right to serve a further answer to the complaint herein within twenty days from the date of this order, on payment of $30 costs." If the motion made on behalf of the defendants to vacate and set aside the judgment could be granted at all, it should be done only upon the imposition as terms of the payment of the costs of the action and of the motion. But on the papers appearing in the present record no reason whatever is disclosed for the granting of the motion. There was no inquest or default taken by the plaintiff, but it appears without dispute that the action was fully tried before the same justice of the Supreme Court by whom the order appealed from was granted, and in the presence of the defendant William H. Bard and his counsel. The evidence offered by the plaintiff on the trial consisted chiefly of the depositions or examinations of the defendant William H. Bard and his daughter which had previously been taken in the bankruptcy proceedings, and the oral examination of the other defendant, who was

also cross-examined by counsel on behalf of the defendants. The defendants' counsel, after consultation with the defendant William H. Bard, rested the case upon the plaintiff's evidence, decision was reserved, and time given for the submission of briefs. Briefs were duly submitted on each side, and about a month after the trial the decision of the court in favor of the plaintiff was announced.

The defendant William H. Bard makes two affidavits in support of the motion, and they are the only affidavits presented on that side. In the first affidavit he states that at the trial his attorney "negligently, unwisely, and improperly refused to put in evidence in defense, and permitted the plaintiff to obtain judgment solely upon the evidence introduced on the part of the plaintiff; that, by reason of said misconduct of said attorney, the plaintiff recovered a decision and judgment," etc. In the second affidavit he alleges that "by reason of the misconduct and neglect of said attorney in this proceeding, also, in failing to put in evidence in defense, and in other ways, deponent was placed in a very false and untrue light, and in consequence a very harsh and unjust decision was made against him." There is no allegation tending in any way to establish that the defendants had any evidence—certainly no disclosure of the nature and purport of such evidence; no hint or suggestion that the case was closed and submitted as it was without the full knowledge, consent, and concurrence of the defendants; and no fact of any kind tending in the slightest degree to indicate that the defendants' attorney was guilty of any misconduct, or that his course at the trial was not prompted by wisdom and good judgment. The order appealed from grants a new trial of the action upon the mere expression of the opinion of one of the defeated parties that their attorney acted unwisely and improperly in not putting in evidence upon the trial in their behalf.

The order was granted upon the authority of the case of Gideon v. Dwyer, 17 Misc. Rep. 233, 40 N. Y. Supp. 1053. That was the case, however, of the opening of a default which had been taken upon the defendant's failure to answer, and it consequently has no application here. It is not doubted that the court in a proper case can relieve a party from a judgment obtained by the fraud of his attorney, and perhaps from one obtained through his negligence or ignorance. But the proof offered to justify such relief should be of facts which are clear and convincing in their nature and effect, and the relief should be afforded only on conditions calculated to fully protect the rights and interests of the other party or parties to the action. See Sharp v. Mayor, 31 Barb. 579, and Levy v. Joyce, 1 Bosw. 622. In Anderson v. Carr, 54 Hun, 634, 7 N. Y. Supp. 281, the former General Term, in this department, held that where judgment had been rendered against a defendant, with his consent, upon compromise of a claim, he could not have it vacated on the ground that he acted on the erroneous advice of counsel, in the absence of proof of fraud. But no authority can be found for the granting to a defeated litigant of the right to a new trial upon the mere assertion of his opinion, unsupported by proof, that his case was not tried properly, wisely, or well. The order should be reversed, and the motion denied; but as the justice who presided at the trial granted the order, and may have been apprised of facts appear-

ing upon the trial not disclosed in the present record, the decision
should be without prejudice to a timely renewal of the motion upon
proper and sufficient papers.

Order reversed, with $10 costs and disbursements, and motion denied, with
costs, but without prejudice to a renewal of the motion at Special Term upon
sufficient papers. All concur.