(50 Misc. Rep. 49.)

### FULLER BUGGY CO. v. CUDNEY et al.

(Supreme Court, Special Term, Fulton County. March, 1906.)

JUDGMENT—OPENING DEFAULT—ORDER.

Where the court, on opening a judgment, ordered that it should stand for whatever judgment the plaintiff may finally obtain against the defendant, the motion to cancel the record of such judgment while plaintiff's appeal from the judgment dismissing the complaint is still pending will be denied.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 331.]

Action by the Fuller Buggy Company against Charles E. Cudney and others. Judgment for plaintiff by default. Motion to cancel judgment ordered to stand as security on opening default denied.

N. B. Spaulding, for plaintiff.
James A. Leary, for defendant Cudney.

SPENCER, J. The plaintiff obtained judgment by default. On motion, the default was opened as to the defendant Cudney, the order providing as follows:

"Said judgment stand for whatever judgment the plaintiff may finally obtain herein against said defendant."

On the trial, the defendant prevailed, and judgment dismissing the complaint has been entered, plaintiff has appealed, and the appeal is still pending. This is a motion by the defendant Cudney to cancel the record of the judgment. The plaintiff contends that the judgment should stand until the termination of the appeal or any other which may be had in the action.

Although we have courts many and appeals many, nevertheless there is an end to all things, including litigation, and this case cannot be said to be finally determined until all the appeals have been decided or the right thereto lost. This was the holding in this district in a case where security given for costs was attempted to be withdrawn before the time for appeal had expired. First Nat. Bank v. Hall, 19 Misc. Rep. 278, 44 N. Y. Supp. 255. The practice of requiring judgments to stand as security upon opening defaults is common (3 Nichols, Pr. 2877), and is equivalent to requiring the defendant to give undertaking to pay any judgment which the plaintiff may finally or ultimately recover against him (Dudley v. Brinck, 8 Misc. Rep. 76, 28 N. Y. Supp. 527; Glickman v. Loew, 29 App. Div. 479, 51 N. Y. Supp. 1078). The undertaking, when so given, extends to a judgment on appeal. Caponigri v. Cooper, 70 App. Div. 124, 74 N. Y. Supp. 1116. The same ruling should apply to a judgment allowed to stand in lieu of an undertaking. It follows, therefore, that the motion to cancel judgment must be denied.

Motion denied, with costs.