(78 Misc. Rep. 264.)

HEILIGER v. RITTER et al.

(Supreme Court, Appellate Term, First Department. November 20, 1912.)

1. JUDGMENT (§ 143*)—OPENING DEFAULT—EXECUTION—NEGLECT OF COUNSEL.
    Where a default is taken because of the mistaken advice or even willful neglect of an attorney in not appearing at a date set for trial, it should be opened, if the litigant shows that it was excusable and unintentional, and that he has a meritorious case.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

2. JUDGMENT (§ 167*)—OPENING DEFAULT—TERMS.
    Such default should be opened only upon terms which will protect and reimburse the other party.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334; Dec. Dig. § 167.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. JUDGMENT (§ 145*)—OPENING DEFAULT—MERITORIOUS DEFENSE.
　　Defendants from time to time delivered cloth to plaintiff's assignor, who manufactured it into garments which he delivered to defendants. Each billed his goods to the other at agreed prices, and a balance was struck at intervals, and the deficiency paid in cash.　No accounting had been had.　Bills rendered were to be used as a basis for future adjustment, and did not represent debts, except upon the contingency of an account.　Held, that the absence of an accounting constituted a meritorious defense to an action on bills rendered, entitling defendants to the vacation of a default judgment.
　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 271, 292–295; Dec. Dig. § 145.*]

4. ASSIGNMENTS (§ 23*)—PROPERTY ASSIGNED—ACCOUNTS—PARTIAL ASSIGNMENTS.
　　Where there are mutual accounts, a particular item of credit in one of them cannot be assigned before balance struck, so as to enable the assignee thereof to sue the debtor.
　　[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 40, 41; Dec. Dig. § 23.*]

5. APPEAL AND ERROR (§ 957*)—DECISIONS REVIEWABLE—DISCRETIONARY ACTION—OPENING OF DEFAULT.
　　Though the opening of defaults is a matter within the discretion of the Special Term, such discretion is reviewable on appeal.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3823; Dec. Dig. § 957.*]

Appeal from City Court of New York, Trial Term.

Action by Isidor Heiliger against William C. Ritter and another. From an order denying the defendants' motion to vacate a judgment and set aside an inquest, and to open a default suffered at Trial Term for failure to appear, defendants appeal. Reversed, and default opened, upon payment by defendants of all taxable costs and disbursements, including the costs of appeal, and judgment permitted to remain of record as security for any judgment which might be obtained in the action.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Joseph Gans, of New York City (M. Spencer Bevins, of New York City, of counsel), for appellants.

Percy Heiliger, of New York City, for respondent.

PAGE, J.　From the voluminous affidavits submitted for and against the motion, it seems that this case first appeared upon the calendar for trial on December 14, 1911, and was adjourned to the 22d at the request of the plaintiff.　On December 22d it was marked "ready" and passed until January 2, 1912, after which various adjournments were had at the request of the parties until February 15th, when both sides were ready and went to trial.　It appears that Rosenzweig, the plaintiff's assignor, whom the plaintiff claimed as his principal witness, was absent from the state, and a commission had been issued to take his testimony.　After the plaintiff had proceeded partly with his case, he informed the court that the entire testimony of Rosenzweig in answer to the interrogatories was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the effect that he could not answer without his books, which were in New York, whereupon it was agreed that the trial should be postponed until March 11, 1912, to be then tried in Part 3. Several days before the adjourned date the defendants were served with a subpœna to appear on March 11th and produce their books. On March 11, 1912, neither the defendants nor their attorney appeared, and an inquest was taken.

The excuse offered is that the defendants' attorney looked in the Law Journal of the preceding day, and, not finding the case on the calendar, believed it would not be tried on March 11th, and instructed his clients not to appear. It is unnecessary to comment on the excuse, other than to say that the attorney had enough facts brought to his attention to put him upon inquiry, and was guilty of extreme laches. As to the defendants themselves, however, we are unable to take the same view. It is both the custom and the right of clients to rely upon the advice of supposedly reliable and competent counsel, especially in matters of court practice, of which the client can have no knowledge. It seems, therefore, that these clients were not guilty of laches in following the advice of their attorney, even in the face of information from his opponent to the effect that the case would be tried on March 11th.

[1, 2] It is not the policy of the law to set aside a default for slight or unconvincing reasons, and where it appears that the default was willfully and intentionally allowed, or that both attorney and client were guilty of negligence, it will not be opened. Prager v. Beardsley, 133 App. Div. 592, 118 N. Y. Supp. 232; Herbert Land Co. v. Lorenzen, 113 App. Div. 802, 99 N. Y. Supp. 937; Demuth v. Kemp, 144 App. Div. 287, 129 N. Y. Supp. 249. But it is a duty of the courts to protect litigants from the neglect and misconduct of their attorneys, and not deprive them of an opportunity to be fully and fairly heard where the fault was not their own. It is accordingly held that where a default is taken because of the mistaken advice, or even willful neglect, of an attorney, it should be opened, if the litigant can show that it was excusable and unintentional, and that he has a meritorious case, but only upon terms which will protect and reimburse the other side. Sharp v. Mayor, etc., of New York, 31 Barb. 578; Gideon v. Dwyer, 17 Misc. Rep. 233, 40 N. Y. Supp. 1053, affirmed 7 App. Div. 608, 41 N. Y. Supp. 1116. In the latter case, Judge Pryor, in an able opinion in which he quotes and cites many authorities, said:

"Confessedly the defendant is deprived of the opportunity to make defense to the action on the merits, and is so deprived by the improvidence and bad management of his attorney. * * * What decision of the motion is the dictate of justice? That this inordinate judgment, obtained without a hearing on the merits through the incompetence of the attorney, should stand against the sworn and sufficient defense now proffered for immediate trial? If the plaintiff's case be good, the presumption is that a jury will again give him a verdict, and a verdict commensurate with his injury. If, on the other hand, there is a valid defense to the action, surely he should not be permitted to retain an iniquitous judgment, precipitated by a blunder for which the defendant is in no way responsible. If the plaintiff be paid all costs and all the expenses he has hitherto incurred in the action, be allowed an immediate

trial, and the judgment suffered to stand as security for any sum a jury may award him, wherein is he wronged, or justice defeated?"

This decision has been cited with approval in Early v. Bard, 93 App. Div. 476, 87 N. Y. Supp. 650, Reich v. Cochran, 105 App. Div. 542, 94 N. Y. Supp. 404, and Warth v. Moore Blind Stitcher & O. Co., 125 App. Div. 211, 109 N. Y. Supp. 116.

[3] From the uncontroverted facts contained in the defendants' affidavits, it appears that they had no intention of allowing a default in this action, and were not responsible for their attorney's mistake. It only remains, therefore, to determine whether or not they have shown a meritorious defense.

The action is brought to recover the amounts alleged to be due upon accounts for merchandise delivered by one Rosenzweig to the defendants, which accounts were assigned to the plaintiff and a notice given to the defendants. The defense set forth in the answer and affidavits is that the defendants and Rosenzweig had a contract under the terms of which the defendants delivered cloth to Rosenzweig; and he in turn manufactured the cloth into garments and delivered the garments to the defendants; the arrangement being that each should bill his goods to the other at agreed prices, and at regular intervals they would strike a balance, and whoever might be the debtor upon striking the balance would pay the deficiency in cash. That this was the actual arrangement between them is corroborated by the testimony of Rosenzweig, the plaintiff's assignor and principal witness, in answer to the interrogatories directed to him, in which he states:

"The general nature of our transactions was buying merchandise from them in the whole cloth and selling them manufactured merchandise according to their orders. We were to have an accounting at a specified time, and if there was any money due me they were to pay me, and if there was any due them I was to pay them. The accounting was to be had at the end of the year."

And again:

"We never had an accounting, so I do not know whether the merchandise sold to them was sufficient to offset the merchandise bought from them."

These facts, if proved upon the trial, would certainly constitute a complete defense. Under the alleged agreement, nothing was due from the defendants to plaintiff's assignor until an accounting was had. The bills rendered were merely statements to be used as a basis for future adjustment. They did not represent a debt, either due or to become due from the defendants, except upon a contingency which never happened, namely, an accounting between the parties. It further appears that plaintiff's assignor went into bankruptcy, owing the defendants more than the amount of the bills. The plaintiff could occupy no better position than that of his assignor at the time of the assignment, and if, upon the state of facts existing at that time, there was nothing due or to become due, it is difficult to see how a recovery could be had.

[4] The rule is clearly stated in 4 Cyc., at page 17, that:

"Where there are mutual accounts, a particular item of credit in one of them cannot be assigned before balance struck, so as to enable the assignee thereof to sue the debtor."

If no balance was ever struck, as the defendants claim, the contingency upon which the assignee might sue never arose.

The cases cited by the respondent upon the proposition that, where the first debt was due at the time of the assignment, a second debt, subsequently becoming due, from the assignor to the debtor, could not be set off against the assignee, are good law, but have no application to the proposed defense, which maintains that the debt assigned, not only never became due, but was never a debt.

The motion to open this default was first made shortly after the inquest. It was denied, and an appeal taken to this court. The papers, as then submitted, did not contain sufficient facts and corroborative evidence to establish the defendants' right, and the order was affirmed without prejudice to a renewal of the motion upon new papers. This appeal is from the order denying the second motion. The papers now contain additional affidavits of the defendant Ritter, showing his good faith and freedom from fault, and corroborative evidence of the merits of the defense, which, it appears, was not in the possession of the defendants at the time the first motion was made. From the facts now before us the appellants have demonstrated a bona fide intention of defending the action, and have made out a prima facie defense, and should be allowed their day in court.

[5] Though the opening of defaults is a matter within the discretion of the Special Term, it is well settled that this discretion is reviewable on appeal. Union Stores Corporation v. Haight, 126 App. Div. 291, 110 N. Y. Supp. 423; Lawson v. Hilton, 89 App. Div. 303, 85 N. Y. Supp. 863.

The order appealed from should be reversed, and the default opened, upon payment by the defendants of all taxable costs and disbursements to date, including the costs of this appeal, and the judgment should be permitted to remain of record as security for any judgment which may hereafter be obtained in this action.

LEHMAN, J., concurs. HOTCHKISS, J., concurs in the result.