[Civil, No. 1771.  Filed March 22, 1920.]

[188 Pac. 133.]

# THE CENTRAL BANK OF WILLCOX, a Corporation, Appellant, v. WILLCOX-PIMA OVERLAND COMPANY, a Copartnership Composed of H. C. KIMBALL and S. B. BROWN, and H. C. KIMBALL, Appellees.

1. JUDGMENT—INCOMPETENCY OF COUNSEL HELD GROUND FOR RELIEF AGAINST DEFAULT.—In an action on a note against a partnership and a member of the firm, where such member consulted a reputable attorney, explained the nature of the defense, and engaged him to prepare and file answer, which was verified by the partner and filed, who believed it sufficient, though it was not so in fact, the default of the partner will be opened on his motion; ignorance or incompetency of counsel being a ground for relief.

2. JUDGMENT—PAYMENT AND CREDIT HELD GOOD DEFENSE SUPPORTING MOTION TO VACATE DEFAULT.—In an action on a note against a firm and its member, default judgment being entered against the member and set aside on his motion, a good defense on the merits was disclosed by his answer and petition to vacate the default showing that collateral security for the note had been pledged for which no accounting had been made, and no claim given, while it was claimed other credits which should have been given or allowed had not been made, and also that the combined credits with a payment would fully satisfy the note.

3. APPEAL AND ERROR—JUDGMENT—MOTION TO SET ASIDE DEFAULT RESTS IN DISCRETION OF TRIAL COURT.—A motion to set aside a default judgment rests largely in the discretion of the trial court, exercise of which is never reversed on appeal except for manifest abuse.

APPEAL from an order of the Superior Court of the County of Cochise.  A. G. McAlister, Judge. Affirmed.

Mr. Lyman H. Hays and Mr. Richard E. Sloan, for Appellant.

1. Vacating judgment on account of negligence or mistake of an attorney, see note, 96 Am. St. Rep. 108.

Mr. O. Gibson and Mr. Gerald Jones, for Appellees.

BAKER, J.—This action was brought against the Willcox-Pima Overland Company, a copartnership composed of H. C. Kimball and S. B. Brown, and H. C. Kimball, to recover upon a promissory note. The summons was served upon H. C. Kimball, who, within the time allowed by the statute, filed a separate "verified" answer. Thereafter the action as to the defendant Kimball was, on motion of the plaintiff, dismissed, but a default judgment was entered against the copartnership, and also against Kimball as a member of the firm. It appears that Kimball had no notice of this action of the court. Subsequently, on his motion, the court entered an order vacating the judgment, from which order this appeal has been taken.

We are somewhat at a loss to understand upon what theory the court proceeded in rendering the default judgment. We assume, however, that it was considered that the separate answer of Kimball could not be treated as an answer by the copartnership. Granting that the court was correct in coming to this conclusion, we do not see how that fact justified the dismissal of the action as to Kimball and the entry of a judgment against him in the face of his verified answer. However this may be, we think it is clear that the order vacating the judgment was justified by the showing made on the motion. The verified petition upon which Kimball sought to have the judgment vacated, stated, among other things, that as soon as he was served with the summons in the case he consulted a reputable attorney, whose name he gives, and explained to him the nature of the defense to the note, and engaged the attorney to prepare and file an answer in the suit; that the said attorney pre-

pared the answer which was filed and which Kimball verified. The petition further states that he (Kimball) believed the answer was sufficient, and further alleged that if such answer was insufficient in law, such insufficiency resulted from the negligence of the attorney, and not from any lack of attention on the part of Kimball. Evidently Kimball was not in fault himself. He seasonably pursued the proper course with the view to a defense by consulting an attorney and engaging his services in the suit. If there was any fault in the matter, if the answer filed was insufficient as a piece of pleading, it was the fault of the attorney. Instances are not rare in the books where relief has been afforded from defaults where they occurred through a mistake of counsel as to the best form of presenting a defense (*Arnold* v. *Norfolk & New Brunswick Hosiery Co.*, 19 N. Y. Supp. 957), or, even through the ignorance or incompetency of counsel. *Gideon* v. *Dwyer,* 17 Misc. Rep. 233, 40 N. Y. Supp. 1053. A mistake of law made by an attorney will sometimes afford grounds for relief against a default judgment, as well as a mistake of fact. *Broderick* v. *Cochran et al.,* 18 Cal. App. 202, 122 Pac. 972; *Douglass* v. *Todd,* 96 Cal. 655, 31 Am. St. Rep. 247, 31 Pac. 623; *Baxter* v. *Chute et al.,* 50 Minn. 164, 36 Am. St. Rep. 633, 52 N. W. 379.

We have reached the conclusion that neither Kimball nor the copartnership should be made to suffer on account of an error committed by the attorney in respect to the answer. We have also concluded that a good and substantial defense upon the merits is disclosed by Kimball's answer and the petition to vacate the default judgment. It is shown in the petition that there were pledged as collateral security for the notes sued upon in the action, other notes aggregating $6,445.06, for which no accounting has been made, and no credit given. Other credits which,

it is claimed, should have been given or allowed have not been made, and it is also claimed that the combined credits, together with the payment of one-half of the principal of the note by the codefendant Brown, would fully satisfy the note in suit. Several other questions are discussed in the brief of counsel for the appellant, but since these questions are not covered by any assignment of error, we shall pass them by. The general rule is that a motion to set aside a default judgment rests largely in the discretion of the trial court. The exercise of such discretion is never reversed on appeal, except in cases where there has been a manifest abuse of the discretion.

In view of this general rule, we are of the opinion that the order of the lower court must be, and the same is hereby, affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.