MARY FALVEY, as Administratrix, etc., of PATRICK FALVEY, Deceased, Appellant, *v.* CORNWALL TERMINAL COMPANY, LTD., Respondent.

Fourth Department, May 14, 1924.

**Judgments — default judgment — motion to open default and for leave to appear and answer denied.**

A motion by defendant, a foreign corporation, made after a default judgment had been entered against it to open its default and for leave to appear and answer should be denied, where the motion papers do not disclose a meritorious defense nor offer any excuse for the delay in making the motion or for failure to answer and do not contain a copy of a proposed answer, and where it appears without dispute that the summons and complaint were duly served upon a person whom the defendant designated and that the plaintiff's attorney wrote to the defendant several times after the action was begun and delayed issuing execution for more than two months after default judgment had been entered and the defendant notified of the entry thereof.

APPEAL by the plaintiff, Mary Falvey, as administratrix, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Oswego on the 4th day of February, 1924, granting the defendant's motion to open the default and permitting it to appear and answer.

*Avery S. Wright,* for the appellant.

*Laughlin, Gerard, Bowers & Halpin* [*John J. Halpin* of counsel], for the respondent.

PER CURIAM:

The defendant, a foreign corporation, designated a person upon whom papers could be served within the State. On July 24, 1923, the summons and complaint were duly served by delivering copies thereof to such person. The defendant did not appear in the action. The plaintiff repeatedly wrote to the defendant, calling its attention to the fact that service had been made as stated, asking it to appear and offering to extend its time to answer. The defendant paid no attention to such letters. Judgment was taken by default on October 2, 1923, and execution issued. The defendant was so advised by letter from the plaintiff's attorney. Nothing was done by the defendant and on December 6, 1923, the plaintiff's attorney wrote it that he would instruct the sheriff to sell its property in Oswego, N. Y., to satisfy the execution. The defendant did not answer the letter or make a motion to open the default until January 23, 1924. Motion papers were then served but they did not disclose any meritorious defense, a copy of a proposed answer was not served, and no excuse was offered for the delay in

making the motion or for failure to answer. On the other hand, it appears without dispute that the defendant was properly served on July 24, 1923; that it had notice not only by the summons and complaint but by numerous letters from the plaintiff's attorney. Indeed, the plaintiff's attorney used every means within his power to induce the defendant to pay some attention to the action and extended to the defendant every courtesy possible. The defendant, by letter, denied that there was any person within the State upon whom the plaintiff could make service, although it had designated a person upon whom to serve, and during all the time one or more of its officers kept an office in New York city, which it admittedly maintained. It does not deny that it received the summons and complaint and the letters from the plaintiff's attorney. It is quite apparent that it was attempting to prevent the plaintiff, by every means within its power, from getting service upon it within the State.

The papers disclose a deliberate attempt to prevent service and an absolute want of good faith. Under such circumstances a motion to open a default should be denied.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.