Frederic T. Henry, J.
The defendants move to open a judgment which was entered on their default in pleading.
The action was commenced by service of a summons on the three defendants on May 18 and May 20, 1957. Defendants’ attorney served a notice of appearance on June 6, 1957, and requested a conference of the parties. No conference was obtained. On July 18 plaintiff’s attorney served a copy of the complaint on defendants’ attorney. Defendants’ attorney states that he understood plaintiff’s attorney intended to bring plaintiff to a conference and that defendants’ time to answer was extended. Plaintiff’s attorney states that he understood defendants’ attorney should either answer the complaint or set up a conference within the time to answer. Twenty-eight days *1030 after serving the complaint, with no answer received and no conference of the parties arranged, plaintiff’s attorney caused judgment to be entered by default on August 15, 1957. Even though 19 other judgments or tax liens have been entered or filed against one or more of the defendants in the office of the Seneca County Clerk and remain open and unsatisfied of record, plaintiff’s attorney in supplementary proceedings discovered that the defendants, or at least one of them, had money due to him from a third party and served a subpoena in supplementary proceedings on the third-party debtor on September 20, 1957.
In the supplementary proceedings the defendant, Dominic Tantalo, refused to sign his testimony. In his affidavit opposing this application plaintiff’s attorney states that said defendant left the proceeding, telling his attorney, “ Come on, Henry, let’s go in bankruptcy ”. These assertions by plaintiff’s attorney of the acts and statements of said defendant are not denied by any of the defendants or their attorney on this application to open the judgment to permit defendants to answer.
The proposed answer sets forth a meritorious defense to the action. It is sworn by the judgment debtor that he had not intended to permit the action to go by default. The application is made within one year of the entry of judgment. Defendants have offered to let the judgment stand as security if this motion is granted.
There can be no question regarding the power of the court, in its discretion and upon terms, to open defaults of this nature in the furtherance of justice, both by statute (Civ. Prac. Act, § 108) and by the power inherent in it. (Ladd v. Stevenson, 112 N. Y. 325; Hatch v. Central Nat. Bank, 78 N. Y. 487.) It will usually exercise that power as a matter of general policy to permit actions to be tried on their merits by giving each party his fair day in court. (Allen v. Fink, 211 App. Div. 411, 415; Gideon v. Dwyer, 17 Misc. 233, affd. 7 App. Div. 608.) Such motions will be denied ordinarily only when there has been some persistent wrongful conduct, willfulness, or bad faith by a party. (Rycroft v. Pierce, 150 App. Div. 521; Falvey v. Cornwall Term. Co., 209 App. Div. 448; Baldwin v. Yellow Taxi Corp., 221 App. Div. 717.)
Where the defendant has appeared at supplementary proceedings and raised no questions as to the validity of the judgment, it is possible that he acquiesced to the judgment, statements of his intent to the contrary on this application notwithstanding. (Malicky v. Rosenberg, 152 Misc. 197; Dudley v. Brinck, 8 Misc. 76.) Since the judgment creditor discovered certain possible assets available to execution in the supplemen *1031 tary proceedings, which were lengthy and continued on adjournments for some weeks, he will doubtlessly be damaged by loss of his priority as to other judgment creditors if this motion is granted without terms.
Where a default was neither intentional nor willful it may be opened as a matter of right and without terms. (Gustavus J. Esselen, Inc. v. Visor, 180 Misc. 537; Hilzen v. Universal Restaurant Co., 97 N. Y. S. 2d 800.) A claimed verbal stipulation extending the time to answer does not entitle the defendant to an order opening a default against the protest of the other party as a matter of right. Where a default is opened under such circumstances it is a matter of favor and should only be granted on terms. (Friedland v. Commonwealth Fire Ins. Co., 136 App. Div. 6.)
The defendants’ motion should be granted, not as a matter of right, but as a matter of favor “ and upon such terms as justice requires” (Civ. Prac. Act, § 108), “ but only upon terms which will protect and reimburse the other side ”. (Heiliger v. Ritter, 78 Misc. 264, 266.) “ To grant the defendant’s
motion to open the default without requiring security of some sum to satisfy the plaintiff’s claims, costs, disbursements, etc., would in effect defeat the plaintiff in the collection of [his] claim and give other execution creditors a preferance over plaintiff.” (Fuchs & Lang Co. v. Springer & Welty Co., 15 Misc. 443.) The terms imposed should be such as will protect the plaintiff against loss from giving up the enforcement of his judgment, which is now pending in supplementary proceedings, or losing the advantage he now has over other judgment creditors of the defendants, by requiring payment of the plaintiff’s costs, disbursements and motion costs (Silken v. Farrell, 278 App. Div. 592; Town of Ohio v. American Sur. Co. of N. Y., 257 App. Div. 912; Heiliger v. Ritter, supra; Harrison v. Gargiulo, 243 App. Div. 616) permitting the judgment to remain of record, as security for any judgment which may be obtained (Machina v. Pryzgoda, 282 App. Div. 1051; Heiliger v. Ritter, supra) and by requiring the defendants to pay the amount of the judgment into court, or to give a bond as security. (Cusumano v. Diacon-Zadeh, 5 A D 2d 139; Veit v. Smith, 241 App. Div. 687; Beni v. Frasca, 259 App. Div. 844; Hornthal v. Finelite, 9 Misc. 724; Dudley v. Brinck, 8 Misc. 76, supra; Brickel v. Train, 86 N. Y. S. 292; McKeon v. Credit Algerien, 64 N. Y. S. 2d, 328.)
The motion is granted on condition that within 10 days from the entry of the order hereon the defendants pay to the plaintiff $25.50 costs; $10 costs of this motion and his disbursements hereon, and also his costs, disbursements and expenses in sup *1032 plementary proceedings in the amount of $50; that the judgment stand as security for any sum which the plaintiff shall establish that the defendant is liable to pay; and that the defendants further secure any such judgment by filing an undertaking in the amount of $500 or in lieu thereof depositing that amount with the clerk of the court; otherwise the motion is denied, with $10 costs and disbursements.
Let an order be entered accordingly.