## (December 9, 1963)

■ LEONARD H. BENSON, Respondent, v. THOMAS MANNING, Appellant.— In an action by an attorney against a former client to recover the agreed price and reasonable value of legal services rendered by plaintiff to defendant, the defendant appeals from an order of the Supreme Court, Nassau County, dated March 12, 1963 (erroneously designated as a "judgment" in the notice of appeal), which granted, conditionally, defendant's motion to vacate a judgment of said court entered January 9, 1963 in plaintiff's favor against defendant on his alleged default in appearing or answering. The conditions imposed by the order *inter alia* required "that defendant shall furnish an undertaking * * * as security for the satisfaction of any judgment which might be obtained by plaintiff in this action." It appears that on March 12, 1963 the court also made a second order granting defendant's motion for reargument but adhering substantially to the original disposition. This order has been considered by the court, pursuant to statute (CPLR 5517). Original order and order made on reargument reversed, without costs, and motion to vacate the judgment granted upon the condition that, pending the determination of this action, the existing judgment shall remain on record as a lien and as security for any recovery which may be had by the plaintiff herein. Defendant's time to serve his answer is extended until 20 days after plaintiff shall have served a copy of the complaint upon him. If defendant has already received a copy of the complaint, then defendant's time to answer is extended until 20 days after entry of the order hereon. Concededly, defendant's attorney duly mailed a notice of appearance to plaintiff and was not responsible for its nonreceipt by plaintiff. In the circumstances, defendant was not actually in default. (*Saffold* v. *Fellows*, 219 App. Div. 865.) Consequently, defendant was entitled to vacatur of the judgment as of right, without imposing as a condition the filing of a bond (*Shenstone* v. *Wilson*, 117 App. Div. 752, 753; *Gallagher* v. *Tantalo*, 10 Misc 2d 1029, 1031; *Cohen* v. *Meryash*, 93 N. Y. S. 529). However, the existing judgment should remain as security for any recovery herein by the plaintiff (cf. *Pacific Northern Fence Corp.* v. *Allied Fabricators*, 19 A D 2d 541). Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

2 HELEN C. FERRER, Appellant, v. FRANCIS P. FERRER, Respondent.— In an action by a wife for a judicial separation, in which a judgment had been entered July 2, 1954 in her favor, the wife appeals from an order of the Supreme Court, Kings County, dated September 4, 1963, denying her motion to sequester the husband's real and personal property and to appoint a receiver. Order affirmed, without costs. No opinion. (See *Ferrer* v. *Ferrer*, 20 A D 2d 548, Case Nos. 3, 4.) Beldock, P. J., Hill, Rabin and Hopkins, JJ., concur.