## BRADFORD v. DOWNS et al.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

1. STIPULATIONS—VALIDITY.

General Rule 11, that stipulations between attorneys will not be enforced unless in writing, is specially applicable to a conversation the substance of which is not stated, and which is only referred to as justifying an assumption by one party to it that no proceedings would be taken.

2. SAME—ENFORCEMENT.

The court would not be justified in enforcing, against the protest of the opposing party, an alleged stipulation between counsel, even though in distinct and explicit terms, if merely oral.

On motion for reargument. Denied.

For former opinion, see 48 N. Y. Supp. 1051.

Reargued before VAN BRUNT, P. J., and BARRETT, McLAUGH-LIN, PATTERSON, and INGRAHAM, JJ.

PER CURIAM. The counsel for the defendants relies upon the assumption that the court omitted to notice the allegation in the affidavit of Mr. Shepard as to his conversation with counsel for Mr. and Mrs. Rogers, with respect to the partition suit, upon the subject of the extension of time given to Mr. and Mrs. Rogers to answer in that suit. That statement in the affidavit as to the agreement was so indefinite that we do not think that it could be relied upon to prevent the owner of this mortgage from instituting such proceedings as were necessary to enforce his mortgage. The rule is a most salutary one that stipulations between counsel or attorneys in a case will not be enforced unless they are in writing; and that rule is specially applicable to a conversation the substance of which is not stated, and where it is only referred to as justifying an assumption on the part of one of the parties to it that no proceedings would be taken. Even if it were a distinct verbal agreement, the court would not be justified in enforcing it against the protest of the other party; and in this case any agreement, as was assumed by one of the attorneys for the defendants, is expressly denied. In addition to this, there was nothing to show in the court below that but for such agreement the partition suit could have proceeded to judgment and a sale thereunder before the time when the plaintiff could have foreclosed his mortgage, or that, as a fact, the delay caused by the extension of time to answer was of such a character as so to delay the partition action that a judgment in foreclosure and a sale thereunder could have been obtained prior to the sale in the partition action.

There was nothing in the prevailing opinion which would indicate that we considered that the plaintiff in this action stood in any different relation to the parties than did his assignors. Nor should we have considered, if the action had been brought at the time the mortgage became due, that we should have been justified in refusing to allow the mortgagee to maintain an action to foreclose the mortgage, because the mortgagor desired that proceeding postponed in favor of some other proceeding that was instituted, for a sale of the property under other circumstances. This respondent can now pay this mortgage, and secure an assignment of it; and the fact that she is unable to pay her debts is not a justification for the court refusing to enforce payment of such a debt because it may suit the convenience of the debtor to have her obligations enforced at some other or different time than that which the law gives to the creditor. The points now brought to our attention by the respondent as a reason for reargument were all fully considered by the court upon its former decision, and we simply reaffirm the views thus expressed.

Motion for reargument should be denied.