### COHEN v. MERYASH et al.

(Supreme Court, Appellate Term. May 2, 1905.)

1. DEFAULT—OPENING WITHOUT CONDITION.
    An order opening a default without condition will be considered as made on the theory that the party was entitled to it as matter of right.

2. SAME—MATTER OF RIGHT.
    Plaintiff is not entitled as matter of right to have a default opened, where, after the case had been twice passed, at his request, because of engagement of counsel, who, it was stated, was to try it for him, the application for further adjournment, which was refused, was made after

93 N.Y.S.—34

such counsel's other engagement had terminated, not on the ground of any engagement of his, but on the ground that the guardian ad litem was to try the case, and that he had a conflicting engagement.

Appeal from City Court of New York, Special Term.

Action by Benjamin Cohen, an infant, by guardian ad litem, against Rebecca Meryash and others. From an order setting aside a dismissal of the complaint, and restoring the case to the day calendar, defendants appeal. Modified.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for appellants.

Abraham R. Sarasohn, for respondent.

PER CURIAM. The justice below must have considered that plaintiff was entitled, as matter of right, to an order opening the default, else he would not have made the order without conditions. As we read the record, we cannot concur in this view. It is undisputed that when the cause appeared on the calendar it was, at plaintiff's request, held and passed on at least two occasions by reason of the engagement of counsel, who, as it was stated, was to try the case for the plaintiff. When the counsel's other engagements had terminated so that he was, for all that appears, free to go to trial, application for further adjournment is made not on the ground of the engagement of the counsel formerly designated as the one who was to try the case, but on the ground that the guardian ad litem was to try the cause himself, and that he would be engaged in the Appellate Division. This was mere trifling with the court, and the trial justice was quite justified in refusing to accept the new excuse. The plaintiff should, however, be afforded an opportunity to try his case, and not be debarred absolutely by the acts of his guardian.

The order appealed from will therefore be modified by inserting as a condition of opening the default the payment by the plaintiff of a trial fee of $30 and $10 costs of motion, and, as so modified, will be affirmed, without costs.