(117 App. Div. 752)

## SHENSTONE v. WILSON.

(Supreme Court, Appellate Division, Second Department. March 8, 1907.)

JUDGMENT—OPENING DEFAULT—SHOWING MERITS AND EXCUSE—TOWNS.

Where defendant did not serve notice of appearance till after time to answer, and demand therein made for a copy of the complaint was not complied with, it is error to order service of complaint, with costs to abide the action, and the complaint to be dismissed in default of the service—there being no showing that defendant has a defense, or that his failure to seasonably appear was because of oversight, inadvertence, or excusable neglect—as, if the order be regarded in effect one to open a default, merits and some excuse must be shown, and terms should be imposed on the delinquent party.

Appeal from Special Term, Kings County.

Action by Archibald C. Shenstone against Joseph Wilson. From an order amending a prior order, dismissing the complaint, with costs, unless said complaint be served within five days, plaintiff appeals. Reversed, and motion denied.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and GAYNOR, JJ.

Archibald C. Shenstone and Wm. H. Harding, Jr., for appellant. Edward Kaufmann, for respondent.

HIRSCHBERG, P. J. I think the order appealed from is reviewable, and that it was improperly granted. The action was commenced by personal service of the summons on the defendant in the month of June, 1906, and the time to answer expired on July 11, 1906. More than two months after the time to answer had expired, viz., on September 17, 1906, the defendant caused a notice of appearance to be served by his attorneys on the plaintiff's attorneys. In this notice of appearance a demand for a copy of the complaint was included. The copy was not served, however, as the defendant was concededly in default, but the notice of appearance was retained by the plaintiff's attorneys on the theory that a defendant could appear in an action at any stage, and that such appearance would entitle his attorneys to notice of all subsequent proceedings. On this state of facts, the defendant's attorneys moved for an order, requiring a service of the complaint upon them within five days, and, in default thereof, that the action be dismissed, with costs. The motion was granted, and the order appealed from requires a service of the complaint on the defendant's attorneys within five days, with $10 costs to the defendant to abide the action, and, in default of such service, that the action be dismissed, with costs. The papers on appeal do not disclose the nature of the cause of action. There is nothing in the record to indicate that the defendant has any defense to the cause of action, whatever it may be, or that he failed to appear within the time required by the Code of Civil Procedure, in consequence of any oversight, inadvertence, or excusable neglect. If the order appealed from is to be regarded as in effect, one opening a default, merits and some excuse would needs be shown, and the favor, if granted, should be on terms imposed on the delinquent litigant, and not on the one who was wholly blameless.

The order should be reversed, with $10 costs, and disbursements, and the motion denied, with costs, but without prejudice to the right of the defendant to make a timely motion to open his default on proper papers. All concur.