FRIEDLAND v. COMMONWEALTH FIRE INS. CO. OF OTTUMWA, IOWA.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. APPEAL AND ERROR (§ 935*)—PRESUMPTIONS.

Where the Special Term opened a default in service of an answer without imposing terms, the court on appeal may assume that the Special Term opened the default as a matter of right.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3785; Dec. Dig. § 935.*]

2. STIPULATIONS (§ 6*)—VERBAL STIPULATIONS—ENFORCEMENT.

Under rule 11, providing that stipulations will not be enforced, unless in writing, a party may not enforce a verbal stipulation against the protest of the adverse party.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 5; Dec. Dig. § 6.*]

3. JUDGMENT (§ 167*)—DEFAULT SERVICE OF ANSWER—OPENING—TERMS.

Where a defendant, seeking to open a default in service of an answer, relied on a verbal stipulation extending the time in which to answer, which plaintiff deposed was not given, the court could open the default only as a matter of favor, and must impose terms.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 167.*]

Appeal from Special Term, Kings County.

Action by Abram Friedland against the Commonwealth Fire Insurance Company of Ottumwa, Iowa. From an order of the Special Term, opening a default in service of an answer, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and MILLER, JJ.

J. Solon Einsohn, for appellant.

Edwin T. Taliaferro, for respondent.

JENKS, J. This is an appeal from an order of the Special Term that opens a default in service of an answer. As the learned Special Term did not impose any terms, we may conclude that it opened the default as a matter of right. Cohen v. Meryash, 93 N. Y. Supp. 529. This was error, inasmuch as the defendant relied upon a verbal stipulation extending its time, which the plaintiff deposes was not given, If it had been made, it could not be enforced against the protest of the other party. Rule 11; Bradford v. Downs, 25 App. Div. 581, 49 N. Y. Supp. 521. The court then could have opened this default only as a matter of favor, and we think that it did not act within its discretion when it failed to impose any terms whatever upon the moving party. See Shenstone v. Wilson, 117 App. Div. 752, 102 N. Y. Supp. 1037; Cohen v. Meryash, supra.

The order is reversed, with $10 costs and disbursements, and the motion is denied, with costs, without prejudice to the defendant to make a timely motion to open its default as a matter of favor. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes