(80 Misc. Rep. 162.)

### EMPIRE STATE PICKLING CO. v. PFISTER.

(Supreme Court, Special Term, Monroe County. March, 1913.)

JUDGMENT (§ 143*)—OPENING DEFAULT—GROUNDS.

    A motion to open a default will be denied, where defendant's only excuse is that he relied upon an oral agreement between counsel that neither party would move for trial without giving notice; the agreement being invalid under general rule No. 11, which requires such agreements to be in writing and signed by the parties or their counsel.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

Action by the Empire State Pickling Company against Joseph F. Pfister. On motion to open a default. Motion denied.

Christian & Thompson, of Canandaigua, for plaintiff.
Thayer, Tuttle & Tanner, of Buffalo, for defendant.

SAWYER, J.   Through a misunderstanding between defendant's counsel and the attorney who then represented plaintiff, judgment by default was taken herein against defendant at the Ontario Trial Term in May, 1912.   This default was afterwards, as appears by statements upon the argument, opened, practically without opposition from plaintiff, and the case restored to its place on the calendar.   At the term in October following it was postponed by written stipulation of counsel.   Subsequently, Messrs. Christian & Thompson were substituted in the place of plaintiff's original attorney, and on January 17, 1913, notice of trial for the term opening February 3, 1913, together with a copy of the order of substitution, and the notice of entry, were inclosed in the same envelope and served upon defendant's attorneys by mail.   Counter notice of trial for that term was upon the same day mailed by defendant's attorneys to such substituted attorneys, and was received by them the following Monday, January 19th.   At the opening of the term, upon the call of the calendar, plaintiff's attorneys answered "ready," and thereafter and upon February 5th, he not appearing, judgment was taken against defendant by default, and entered upon Friday, February 7th.

Defendant now moves to open this second default and set aside said judgment, alleging that in May, 1912, shortly after the opening of the former default, a verbal agreement had been made between his counsel and plaintiff's original attorney to the effect that they should go on noticing the case in the regular way, but that neither would move it for trial without writing or telephoning to the other and giving at least a week's notice that he would try the case.   Counsel asserts that neither he nor his firm had notice of the change in plaintiff's attorneys until the 11th day of February, 1913, when the order of substitution was received, and states that, in reliance upon the verbal arrangement theretofore made, they had assumed the case was not to be moved for trial, and therefore paid no attention to it.   It may very well be that the counsel in charge did not have actual notice of the change in attorneys until the 11th of February; but that his firm, or some person in charge of his office, had such notice, seems to be conclusively shown by their notice of trial, served upon the substituted attorneys January 7th.

No excuse for permitting the default, other than as above set forth, is offered, and the fact of any such oral arrangement is positively denied by the attorney with whom it is said to have been made.   Some months later, and notwithstanding its character, the attorneys were careful to provide a written stipulation for postponement at the October term, and no good reason is apparent why defendant's counsel should not have exercised similar care as the February term approached.   This case illustrates forcibly the value of general rule No. 11, which requires such stipulations to be in writing and signed by the parties, or their counsel, and it would seem as if his previous experience in this case should have called counsel's attention sharply thereto.

Assuming that his contention is true, he appears to have been content to again take his chances under an agreement which was in no

manner binding and which, if repudiated, would not be enforced by the court. Bradford v. Downs, 25 App. Div. 581, 49 N. Y. Supp. 521. I do not attempt to decide the disputed question of fact, for reliance upon an agreement which bound neither party, and fulfillment of which the courts refuse to command, is not sufficient excuse for nonattendance upon a trial due and timely notice of which has been had. The uncertainty of practice which would inevitably follow any other holding is apparent and needs no discussion.

Motion denied, with $10 costs.