Motion granted, date to be fixed in order. Settle order on notice. See memorandum per curiam. See, also, 144 N. Y. Supp. 976.

---

**EMPIRE STATE PICKLING CO.,** Respondent, v. **PFISTER,** Appellant. (Supreme Court, Appellate Division, Fourth Department. January 14, 1914.) Action by the Empire State Pickling Company against Joseph F. Pfister.

PER CURIAM. Order (80 Misc. Rep. 162, 141 N. Y. Supp. 817) affirmed, with $10 costs and disbursements, without prejudice to a new motion to open the default as a matter of favor, on showing merits. Plaintiff's practice was regular.

KRUSE, P. J., dissents, upon the following grounds: First, that the notice of trial is defective and insufficient as to form and manner of service; second, that in any event judicial discretion requires the opening of the judgment.

---

**EMPIRE STATE SURETY CO.,** Appellant, v. **DUNFEE,** Respondent. (Supreme Court, Appellate Division, Fourth Department. January 14, 1914.) Action by the Empire State Surety Company against Joseph Dunfee. No opinion. Order affirmed, with $10 costs and disbursements.

---

**ETTLA v. ENGLE et al.** (Supreme Court, Appellate Division, First Department. January 9, 1914.) Action by Ruth R. Ettla against Horace M. Engle and another. Harold W. Buck, appellant. H. A. Stickney, of New York City, for appellant. H. G. Gray, of New York City, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 144 N. Y. Supp. 1115.

INGRAHAM, P. J., and SCOTT, J., dissent.

---

**FABER,** Appellant, v. **HANBURY et al.,** Respondents. (Supreme Court, Appellate Division, Second Department. January 16, 1914.) Action by Leander B. Faber, as receiver, etc., against Harry A. Hanbury and others.

PER CURIAM. Judgment affirmed, with costs. The findings that the defendant Hart brought and conducted his foreclosure suit, including the sale thereunder, in good faith and without fraud, are sustained by the proofs. Whatever remedy the plaintiff, as receiver, may have against the other defendants, he has no right or equity to stop and delay Hart's foreclosure, and the realization of his judgment. The plaintiff's requests to find were properly refused in this suit, because immaterial as against Hart. To remove any doubt as to the effect of the decree below, the findings contained in the decision should be modified to limit their application. Accordingly, finding No. 9 is amended by adding, at the end thereof, "so far as any acts or conduct of the defendant Hart are concerned at said sale." Finding No. 20 is changed so as to read: "This action, brought by plaintiff, is without foundation, as against the defendant Hart." The complaint was rightly dismissed, on the merits as to Hart, and not upon the merits as to the other defendants. No issues were evaded, nor was any relevant investigation of facts omitted, by the learned trial justice. The expression in the brief for appellant that these had been "shirked" was improper and unwarranted. See, also, 159 App. Div. 59, 144 N. Y. Supp. 381.

---

**FAIGLE,** Respondent, v. **BOOKROTH et al.,** Appellants. (Supreme Court, Appellate Division, Second Department. January 23, 1914.) Action by John Faigle against Henry Bookroth and another. No opinion. Motion for leave to appeal to the Court of Appeals (from 144 N. Y. Supp. 1115) granted, in view of the question presented by the refusal of the request to charge appearing at folios 232 and 233 of the printed record on appeal. Settle order before Mr. Justice Stapleton.

---

**FAILING v. GROUNDS.** (Supreme Court, Appellate Division, Third Department. January 21, 1914.) Action by John P. Failing against John S. Grounds. No opinion. Motion denied. See, also, 145 N. Y. Supp. 427.

---

**FALCO v. NEW YORK, N. H. & H. R. CO.** (Supreme Court, Appellate Division, Second Department. January 30, 1914.) Action by Rose Falco, as administratrix, etc., of Andrew Falco, deceased, against the New York, New Haven & Hartford Railroad Company.

PER CURIAM. Order reversed, with $10 costs and disbursements to defendant, and motion denied, upon the ground that the affidavit upon which the order is based states no fact whatever justifying the inference that defendant has in its possession any information that the decedent was killed by any detached or flying fragment from defendant's train, or that defendant actually or inferentially has the same in its possession, or that any reports have been made to it with reference to such parts. Without otherwise passing on the merits of the motion, leave is given to renew upon affidavits which shall suitably inform the court as to the nature and cause of the accident.

---

**FALKENBERG,** Appellant, v. **HEUCHEL,** Respondent. (Supreme Court, Appellate Division, Second Department. January 16, 1914.) Action by Matti Falkenberg against Simon Heuchel. No opinion. Judgment affirmed by default, with costs.

---

**FARLEY,** State Excise Com'r, Respondent, v. **FISCHER et al.,** Appellants. (Supreme Court, Appellate Division, Fourth Department. January 14, 1914.) Action by William W. Farley, as State Commissioner of Excise, against William F. Fischer and another.

PER CURIAM. Judgment and order reversed, and new trial granted, with costs to appellants to abide event. It was a question of fact as to whether the sale was a sale of liquor to be drunk on the premises. The court erred in unqualifiedly charging the jury that the plaintiff was entitled to recover if the liquor sold