RYCROFT v. PIERCE.

(Supreme Court, Appellate Division, First Department. May 17, 1912.)

1. JUDGMENT (§ 109*)—DEFAULT—RIGHTS OF PARTIES.

    Plaintiff in a cause regularly on the day calendar is entitled to move his case for trial, and, where no legal excuse for delay is shown, he is entitled to take an inquest, and he thereupon obtains a right to hold the judgment based on the default until a sufficient case is presented by defendant to warrant the vacating of the judgment and opening the default, and the fact that the trial justice, on refusing a delay, announced that he would thereafter entertain and grant a motion to open the default, provided defendant then appeared, does not justify a vacation of the judgment without sufficient cause.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 179; Dec. Dig. § 109.*]

2. JUDGMENT (§ 143*)—DEFAULT—RIGHTS OF PARTIES.

    A default was regularly taken after several postponements at the request of the counsel for defendant on the ground of the temporary absence from the state of defendant. A further postponement on the ground of defendant's ill health was asked and refused, and the affidavits of his physicians in support thereof disclosed illness of defendant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

during the time that postponements were obtained on the ground of his temporary absence, and that at the time of the presentation of the affidavits defendant arrived at a hotel in a sister state, and remained there for some time in apparent good health. There was nothing to show that he was unable to return for the trial of the case, or that it would endanger his health in any manner so to do. *Held*, that the setting aside of the default judgment was not justified on the showing made.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

Appeal from Special Term, New York County.

Action by Alice G. Rycroft against Henry Clay Pierce. From an order vacating a judgment against defendant entered by default and restoring the cause to the day calendar for trial, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Robert Stewart, of New York City, for appellant.
J. Markham Marshall, of New York City, for respondent.

LAUGHLIN, J. The cause was regularly upon the calendar and the default was duly taken. The sole ground upon which the application was made to vacate the judgment was the alleged illness and inability of the defendant to attend the trial as a witness. His inability to attend the trial was not satisfactorily shown; but, on the contrary, his neglect so to do was inexcusable. The fair inference from the facts disclosed by the record is that he deliberately abandoned the trial while able to attend court, and, if he did not plan to have the court misled with respect to the state of his health, he at least allowed it to be deceived. The cause was on the call calendar December 9, 1911, and was set for the day calendar for the 15th of the same month, and reached on the 25th day of January, 1912, and was marked ready. It was on the day calendar January 26th, February 5th, 6th, 7th, and 8th, and marked ready and passed for the day; and it was on the day calendar February 9th, and set for the day calendar February 19th, and on the day calendar February 19th and sent to Part XII for trial, and the default was not taken until the 27th day of that month. On the 9th day of February, when the cause was about to be assigned to one of the Parts for trial, counsel for the defendant stated that defendant desired to go to St. Louis on important business for a few days; and, as a favor to the defendant to enable him to go to St. Louis, the court passed the cause until February 19th, and thereupon counsel for the respective parties stipulated in writing that the cause be placed at the top of the day calendar of Trial Term, Part XIV, for February 19th; and the stipulation contains the following:

"That counsel for the defendant will be ready upon the call of said cause to proceed immediately with the trial thereof, except for unforeseen circumstances beyond their control."

Then the cause was called on the 19th of February, and counsel for the defendant stated to the court that the defendant was un-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

der subpœna in St. Louis; but the cause was sent to Part XII for trial, and there the application for delay on the ground that defendant was under subpœna to attend court in St. Louis was renewed, and the cause was held from day to day as an unfinished cause until the 26th of February to enable the defendant to obey the subpœna and to return, and on the assurance of his counsel that he would return within a few days. When the cause was called on the 26th of February, counsel for the defendant, for the first time, drew the attention of the court to the defendant's health by asking for a further postponement on the ground of his ill health; and affidavits by two physicians practicing in New York verified on the 24th day of February were presented. These affidavits tend to show that a "serious operation" was performed on the defendant by one of the physicians assisted by the other on the 4th day of January, 1912; that they advised the defendant to go South for recuperation as soon after the operation as he was able to travel; that urgent business required his presence in St. Louis, where he went against their advice, but that he assured them the business would require only two or three days; that on February 21st one of the physicians dictated a telegram to the defendant's private secretary to be sent to the defendant in St. Louis, "insisting that he immediately drop all business and leave for the South at once," and the physician at the same time gave a certificate to be shown to the defendant's attorney and inclosed a copy of the certificate to the defendant by mail, with a letter urging him to stop work at once; that in the opinions of the physicians the defendant could not return and undergo the strain of a trial in New York during the ensuing eight weeks "without a breakdown, which will result in a serious and incurable disease." The application for further delay was denied, and the affidavits were filed next day, and the same excuse was then presented and overruled, and an inquest was thereupon taken. On the last application for postponement counsel for defendant urged that his testimony be taken in Florida by commission. Neither physician states that he saw or observed the defendant after the operation, or when the advice to go South for recuperation was first given, although it does appear that defendant was confined to his house for some time after the operation. The defendant did not return from St. Louis, but left there about the date the physicians made the affidavits, went to the Hotel Royal Ponciana at Palm Beach, Fla., where he arrived the very day the affidavits of his physicians were first presented to the court, and he remained there, up and about in apparent good health and participating in festivities, until March 14th.

Neither on the original application for further delay on account of the illness of the defendant, nor on the motion to vacate the judgment, was any letter or telegram from the defendant or any affidavit made by him presented to the court, nor was an affidavit or certificate of any physician in St. Louis or Florida presented showing, or tending to show, that he was unable to return, or that it would endanger or in any manner affect his health to do so. The reasonable inference from the facts presented to the court on the

application for delay and to vacate the judgment is that the defendant was not prevented from attending the trial on account of ill health, and that he induced, or, at least allowed, his counsel to mislead the court in granting the adjournment when he had no intention of returning to attend the trial, but intended to go South from St. Louis, leaving it to his physicians and attorneys to defend his course as best they might.

[1] The fact that the learned trial justice at the time he refused the last application for delay and after conferring with one of the defendant's physicians announced that he would on the third Monday of April thereafter entertain and grant a motion to open the default provided the defendant then appeared affords no justification for the order. The plaintiff was entitled, under the rules and practice of the court, to move her case for trial; and since no legal excuse for trial, and no legal excuse for delay or cause for postponement was shown, she was entitled to take an inquest. She thereupon obtained the right to hold the judgment based upon the default until, under the rules and practice of the court, a sufficient case was presented by the defendant to warrant the court in vacating the judgment and opening the default.

[2] The record, instead of showing such a case, indicates that the defendant has been guilty of bad faith, and has imposed upon the court. All litigants stand upon an equality before the courts and justice must be administered under rules which operate alike on all, and to which every party coming or brought before the court must conform. It must be understood that it is the province of the court in the administration of the law and not of either party to an action to decide, on application duly made, when a cause must be tried, and that it is neither safe to deceive or trifle with the court nor to defy or even disregard its decisions.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied with $10 costs. All. concur.