HELENA J. TITUS, Respondent, *v.* E. BAYARD HALSTED and Others, Appellants.

First Department, May 2, 1924.

Judgments — vacating — judgment dismissing complaint entered after refusal of plaintiff to proceed with trial — inability of plaintiff to proceed until examination of defendants not ground for vacating judgment where examination was not conducted with due diligence — papers do not show that plaintiff has meritorious cause of action.

A judgment dismissing the complaint entered after the plaintiff refused to go to trial will not be vacated on plaintiff's motion on the ground that she was not in a position to proceed with the trial because she had not been able to examine the defendants before trial, where it appears that the defendants insisted on the case being tried and that the plaintiff delayed the examination of the defendants before trial after she had full knowledge of the defendants' desire to proceed with the trial.

Moreover, the judgment should not be vacated since the moving papers of the plaintiff do not show that she has a meritorious cause of action.

APPEAL by the defendants, E. Bayard Halsted and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of March, 1924, granting the plaintiff's motion to set aside the judgment dismissing the complaint and to place the cause on the calendar for trial.

*Stoddard & Mark* [*Yorke Allen* of counsel], for the appellants.

*Henry M. Flateau*, for the respondent.

FINCH, J.:

It appears that issue was joined on July 30, 1920. The cause appeared on the call calendar in October, 1922, and was adjourned by consent a number of times until January 9, 1924, when it was marked " ready," over plaintiff's objection, and thereafter appeared daily on the day calendars of January tenth, eleventh, fourteenth, fifteenth and sixteenth. When the case was reached the plaintiff

requested an adjournment for the purpose of completing an examination before trial, which was denied, and plaintiff refused to go to trial, whereupon judgment was granted dismissing the complaint.

The action is brought to recover damages for alleged violations of plaintiff's instructions in regard to handling an account which she had with the defendants, stockbrokers. It is clear that the plaintiff could not proceed to trial without the examination of the defendants. The facts do not show, however, that such examination was conducted with due diligence or in good faith. The examination was not commenced until December twenty-seventh and was adjourned until January seventh and again to January eleventh, at which time the plaintiff knew that the defendant had insisted on having the case marked ready and was pressing the same for trial. Nevertheless, on January eleventh, the examination was adjourned until January fifteenth instead of being pressed to completion. The respondent claims that defendants' attorney on December twenty-seventh said he would grant a reasonable adjournment to complete the examination and to prepare for trial and that except for such promise respondent would have insisted that the examination proceed daily. The appellants deny any such promise, and it is to be noted, as stated above, that after the respondent knew appellants were insisting on an immediate trial there was no effort to expedite the completion of the examination.

Moreover, there is not sufficiently shown the existence of a meritorious cause of action. The only affidavit is that of plaintiff's attorney, who refers in most general terms to the complaint, without even alleging any personal knowledge of the alleged transactions. This is far from being sufficient. Before a default will be opened, the moving party must show with some probative force the existence of a meritorious cause of action. (*Fitzgerald Mfg. Co.* v. *Alexander,* 200 App. Div. 164; appeal dismissed, 234 N. Y. 608.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied with ten dollars costs, and the judgment reinstated.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and judgment reinstated.