UNION TRUST COMPANY, Respondent, *v.* J. A. SMITH MILLING CO., INC., and Others, Defendants, Impleaded with WILLIAM E. BEER and Another, Appellants.

Fourth Department, June 29, 1926.

**Judgments — default judgment — defendants' default at trial excused and judgment opened.**

The motion of the defendants to open a judgment entered upon their default should have been granted, since the record shows a reasonable excuse for their failure to be represented at the trial of the action. Since it appears that the defendants denied under oath the material allegations of the complaint, they should be given an opportunity to present their defense and should not suffer because of any misunderstanding between them and their counsel as to the status of the case.

APPEAL by the defendants, William E. Beer and another, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 12th day of August, 1925, denying said defendants' motion to open a default judgment taken against them on October 22, 1924.

*Werner, Harris & Buck* [*Glenn L. Buck* of counsel], for the appellants.

*Harlan W. Rippey,* for the respondent.

PER CURIAM. This action was brought to recover on a promissory note held by plaintiff and alleged to be indorsed by the defendants Beer and Palmer. Said defendants served separate verified answers in which they denied that they indorsed the note. The case was placed on the calendar for the September, 1921, Trial Term in Monroe county, but owing to various delays, which were consented to by counsel on both sides, the case was not brought on for trial until the September, 1924, Trial Term, when judgment was taken by plaintiff by default.

The defendants seek to open the default and set aside the judgment. The motion was denied at Special Term.

The record shows facts from which defendants might well have concluded that plaintiff had abandoned the litigation and their apparent neglect to employ another counsel after their attorney had informed them that he would not be able to attend to their case was excusable.

In view of the fact that defendants deny under oath the material allegations of the complaint they should be given an opportunity to present their defense.

Under the facts as shown by the papers printed in the record, justice requires that defendants should not suffer because of any misunderstanding between them and their counsel as to the status of the case.

The order should be reversed, with ten dollars costs and disbursements, and the motion to open the default should be granted on payment of costs as taxed. The judgment heretofore entered to stand as security for any judgment which plaintiff may recover in the action, and the case to be restored to the trial calendar of the Supreme Court in Monroe county.

Present — HUBBS, P. J., CLARK, DAVIS, CROUCH and TAYLOR, JJ. All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted upon payment of costs as taxed, the judgment already entered to stand as security and case restored to the trial calendar.