MARION H. BALDWIN, Respondent, *v.* YELLOW TAXI CORPORATION, Appellant.

Third Department, December 1, 1927.

Judgments — default judgment — opening default — notice of trial was served sixteen days before term opened and case was moved for trial on fourth day — defendant has substantial defense on merits — defendant's attorneys who have office in New York city did not anticipate case could be reached so quickly — error for court to deny motion to open default.

Defendant's motion to open a default judgment should have been granted by the court below, since it appears that the defendant had a substantial defense on the merits, and that the reason why the attorneys for the defendant did not appear at the trial was that the notice of trial was served only sixteen days before the term was opened and the case was moved for trial on the fourth day of the term, and that defendant's attorneys who have an office in New York city and are not familiar with the calendars in the up-state counties, did not anticipate that the case could be reached so soon after the opening of the term.   Under the circumstances, the defendant should be allowed to defend.

APPEAL by the defendant, Yellow Taxi Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Madison on the 19th day of November, 1925, upon the verdict of a jury, and also from an order, made at the Broome Special Term and entered in the office of the clerk of the county of Madison on the 23d day of February, 1926, denying defendant's motion to set aside the judgment and to open the default of the defendant.

*Cregg Brothers & Rulison* [*E. W. Cregg* of counsel], for the appellant.

*Coley & Kiley* [*Edward A. Kiley* of counsel], for the respondent.

PER CURIAM.   At the first Trial Term in Madison county after the cause was at issue, the plaintiff having placed the case on the day calendar moved it for trial on the fourth day after the term opened, took a verdict and entered judgment in the absence

of defendant's counsel who had not attended the term. The place of business of defendant and the office of its counsel were in New York city. They received no notice except the notice of trial served by mail sixteen days before the term opened.

Their answer set up a substantial defense on the merits. They moved to open the default alleging their unfamiliarity with the condition of calendars in upstate counties, stating that from their experience causes of so recent issue were not reached and disposed of with such dispatch. In brief, their claim is one of inadvertence and excusable neglect. Their moving papers contain an affidavit of merits.

There can be no question regarding the power of the court in its discretion and upon terms to open defaults of this nature in the furtherance of justice, both by right of statute (Civ. Prac. Act, § 108) and by the power inherent in it. (*Ladd* v. *Stevenson,* 112 N. Y. 325; *Hatch* v. *Central National Bank,* 78 id. 487.) It will usually exercise that power as a matter of general policy to permit actions to be tried on their merits by giving each party his fair day in court. (*Allen* v. *Fink,* 211 App. Div. 411, 415; *Gideon* v. *Dwyer,* 17 Misc. 233; affd., 7 App. Div. 608.) Such motions will be denied ordinarily only when there has been some persistent wrongful conduct, willfulness or bad faith by a party. (*Rycroft* v. *Pierce,* 150 App. Div. 521; *Falvey* v. ·*Cornwall Terminal Co., Ltd.,* 209 id. 448; *Tabakin* v. *Freiman,* 217 id. 665.)

Generally the opening of a default where there is some reason shown why the party should have a trial, involves merely the question of the terms to be imposed in granting the order. At Special Term no opinion was written by the learned justice so we are uninformed concerning the reasons that urged him to deny the motion. The record on appeal does not indicate to us a sound reason for withholding the relief sought.

The order should be reversed and the motion to open the default should be granted on payment of the costs and disbursements taxed in the judgment; the judgment heretofore entered to stand as security for any judgment which plaintiff may recover in the action, without costs of this appeal.

The appeal from the judgment should be dismissed, without costs.

COCHRANE, P. J., VAN KIRK, HINMAN, MCCANN and WHITMYER, JJ., concur.

Order reversed on the facts, and motion to open default granted on payment of the costs and disbursements taxed in the judgment; the judgment heretofore entered to stand as security for any judgment which plaintiff may recover in the action, without costs of this appeal.