SAMUEL MARCUS and Another, Plaintiffs, v. SIMOTONE & COMBINED SOUND & COLOR FILMS, INC., Defendant.

City Court of New York, New York County, November 19, 1929.

*George Garfunkel*, for the plaintiffs.

*Leo H. Klugherz*, for the defendant.

SHIENTAG, J. The motion is to open the default of the defendant for the failure of its attorney to answer the case when it appeared upon the day calendar. The supporting affidavits convince me that the default was unintentional and due to carelessness in following the calendar. The denial of a prior motion for summary judgment indicates that a triable issue of fact is presented. It does not appear that anything has been done by the defendant since the inquest was taken to prejudice the plaintiffs in any way.

With due regard to the zeal which an attorney should properly display in his client's behalf, and quite irrespective of what he believes to be the merits of the pending litigation, ordinary professional courtesy demands that he should not ask for judgment by default against his opponent unless he is satisfied, after communicating with him, that the default is willful or intentional. In any event the court should not countenance the taking of so-called snap defaults. With the large volume of pending litigation mistakes

in answering calendars are bound to occur, due sometimes to our unscientific method of numbering cases on the calendar and more often to errors on the part of office subordinates.

So-called snap defaults accomplish no useful purpose whatever; they often do a great deal of harm. Attorneys are injured in their relations with clients, litigants become resentful, and justly so, when without warning they find judgments entered against them by default; the time of the court is taken up with motions to open the defaults; additional clerical work is involved, and, after all is said and done, the only effect is delay, because practically all of these cases of unintentional defaults find their way back to the calendar sooner or later on some terms. A lawsuit is something more than a game which is to be won by the player who is shrewder and more observant of the rules.

The motion to open the default will be granted and the judgment entered on the inquest vacated and the cause set down for trial at the head of the calendar of Trial Term, Part II, for November 25, 1929, upon condition that on or before November 21, 1929, the defendant shall pay to the plaintiffs the sum of thirty dollars costs. If this condition is not complied with the motion is denied.