PAUL STEWART, Plaintiff, *v.* HAZEN BARRY and Another, Defendants.
EDWARD FRAWLEY, Plaintiff, *v.* HAZEN BARRY and Another, Defendants.

County Court, Rensselaer County, March 31, 1931.

*Frank S. Parmenter*, for the plaintiffs.
*Hamblin & Frank*, for the defendants.

BREARTON, J. The actions are for negligence arising out of an automobile accident which occurred at about midnight on May 21, 1928. The plaintiff Paul Stewart was driving his automobile at the time of the accident and he sues for the damages to his automobile. The plaintiff Frawley was a passenger in Stewart's car and sues for personal injuries. The defendant Barry was driving the defendant Kelly's automobile, the defendant Kelly being not present, but his wife was riding with Barry.

The actions were begun by the service of a summons on May 24, 1928. The defendant Kelly appeared by attorney (who does not appear on this motion), but served no answer, although verified complaints were served upon his then attorney. The defendant Barry did not appear or answer in either action nor is any affidavit or statement presented on his behalf on this motion. The cases were regularly on the calendar for the March Trial Term of this court beginning March 3, 1930, and having been regularly moved for trial default judgments were taken upon proofs submitted to the court and jury. While the question is raised in the defendant Kelly's affidavit that no affidavit of default in answering appears on file in the papers in the action, it seems to be conceded on the argument that that apparent omission has been corrected.

The defendant proposes to defend the actions if the default be opened on the ground, among other things, that his automobile was being used by the defendant Barry without his consent, although it is conceded that his wife was a passenger and had access to the garage. Although judgment was entered on April 1, 1930, and the defendant Kelly examined in supplementary proceedings in August, 1930, and garnishee execution issued against his wages, nothing was done to open default until now, nearly a year after entry of judgment, except that in the month of August, 1930, upon the application of the defendant Kelly's then attorney, an order to show cause was obtained from Hon. WALTER L. COLLINS, the recorder of the city of Albany, returnable before this court on September 8, 1930, without notice to the attorney for plaintiffs, which said order restrained the plaintiffs from all proceedings to enforce the judgments. Upon return of that order to show cause there was no appearance on behalf of defendant Kelly and the stay granted in said order was vacated and set aside on motion of plaintiff's attorney.

There is absolutely no excuse offered on this motion for his failure to file and serve an answer. There is nothing in the papers to show that he stated to his then attorney the facts of the case and there is no affidavit or statement of any kind from that attorney as to why an answer was not interposed. No motion is made by

the defendant Barry in either action. There is nothing before the court to show on what grounds said order to show cause was granted so that, so far as this court is concerned, this is the first time that the defendant Kelly makes any claim to have any defense to the actions. Nearly a year has passed since the entry of judgments and nearly three years since the accident happened, and plaintiffs claim that two disinterested and material witnesses have been lost trace of and would be not available on a retrial. There is no claim that the amount of damages awarded in either case is excessive.

I am not convinced of the good faith of the defendant and he should not be permitted to defeat apparently good causes of action by his laches and his apparent studied attempts to evade and postpone. To adopt the language of the court in the case of *Rycroft* v. *Pierce* (150 App. Div. 521, 524), " the plaintiff was entitled, under the rules and practice of the court, to move her case for trial; and since no legal excuse for delay or cause for postponement was shown they were entitled to take an inquest. She thereupon obtained the right to hold the judgment based upon the default until, under the rules and practice of the court, a sufficient case was presented by the defendant to warrant the court in vacating the judgment and opening the default. The record, instead of showing such a case, indicates that the defendant has been guilty of bad faith and has imposed upon the court."

The motion should be denied, with ten dollars costs in each case.