PAULINE M. SCHAFFER, as Administratrix, etc., of MORRIS P. SCHAFFER, Deceased, Respondent, v. HARRY M. SCHAFFER, Appellant. HARRY M. SCHAFFER, Plaintiff, v. PAULINE M. SCHAFFER, as Administratrix, etc., of MORRIS P. SCHAFFER, Deceased, Defendant.— Order and judgment in so far as appealed from unanimously affirmed, with costs. The undisputed facts required a judgment for the plaintiff, under the pleadings herein, for the amount demanded. (*Costello* v. *Costello*, 209 N. Y. 252, 258.) The denial of plaintiff's motion in respect of the first cause of action was not an absolute denial; it was merely tentative, as the language of the reservation with respect to section 459 of the Civil Practice Act indicated. The denial not being absolute, the court had the power to grant judgment on the first cause of action after it set aside the special verdict of the jury in respect to it. There was no question to submit to the jury on the first cause of action. The undisputed facts required judgment on that first cause of action in favor of the plaintiff. The practice, however, of denying such a motion and at the same time reserving with respect to it should not be followed, as it causes confusion and generates unnecessary appeals on practice. All that the court need do is to reserve on the motion at the time it is contemplating submitting special questions under section 459 of the Civil Practice Act. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ.

CHARLES H. STOLL, Appellant, v. ELWOOD A. CURTIS, Respondent.— Order denying plaintiff's motion to strike out certain portions of the amended answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

MAY VEIT, Respondent, v. GLADYS SUTHERLAND SMITH and EDWARD DE FOREST SMITH, Appellants.— Order of December 4, 1933, reversed on the law and the facts, defendants' motion to open the default, made on the trial, granted, and the judgment vacated, without costs, on condition that within ten days from the entry of the order herein the defendants pay the plaintiff fifty dollars costs and the disbursements of plaintiff on this appeal; and on the further condition that within the same time the defendants give an undertaking, with corporate surety, in the sum of $2,674.68, to secure the payment of any judgment which the plaintiff may recover in the action. In the event of defendants' failure to comply with the foregoing conditions the order is affirmed, with ten dollars costs and disbursements. The grounds of the conditional reversal are that the default of the defendants on the trial was not deliberate, willful or in bad faith, but occurred under circumstances where they and their counsel were not seriously blamable. They should be permitted to present their defenses on a trial — there appearing to be merits in the defenses alleged in the answers. (See *Baldwin* v. *Yellow Taxi Corporation*, 221 App. Div. 717.) Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.