IDA HOCHMAN and SAMUEL HOCHMAN, Respondents, v. FRENBERN REALTY CORPORATION, Appellant. IDA HOCHMAN and SAMUEL HOCHMAN, Respondents, v. FRENBERN REALTY CORPORATION, Appellant.— Order denying defendant's motion to remove this action, now pending in the City Court of Yonkers, to the Supreme Court, Westchester county, and upon such removal to transfer it from the Supreme Court, Westchester county, to the Supreme Court, Bronx county, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In our opinion, the defendant was entitled to this relief as a matter of law. (Civ. Prac. Act, § 189; City Court of Yonkers Act, tit. X, §§ 2 and 3.) Hagarty, Carswell, Davis, Adel and Close, JJ., concur.

In the Matter of the Amended Petition of WILLIAM J. SCHROEDER for the Probate of the Last Will and Testament of ELVIRA BEHNCKE, Deceased, Late of the County of Kings. H. RICHARD PANZER and CROSSWOOD W. PANZER, Appellants; WILLIAM J. SCHROEDER, Respondent.— Order denying contestants' motion to open a default on the calendar call in the Surrogate's Court, Kings county, reversed on the law and the facts and motion granted on condition that the appellants pay the respondent $100 and ten dollars costs and disbursements of the appeal within five days after the entry of the order and prepare and be ready to try the issues promptly when the proceeding shall be set down for trial in the Surrogate's Court. On failure to perform such conditions the order is affirmed, with ten dollars costs and disbursements to the respondent. The contestants are attempting to proceed with the contest of a will without the aid of an attorney. Their methods are undoubtedly crude and, to a certain extent, exasperating. However, there seem to be possible merits to the contest, and they are entitled to their day in court. (*Allen* v. *Fink*, 211 App. Div. 411; *Baldwin* v. *Yellow Taxi Corporation*, 221 id. 717.) If they are in good faith in the prosecution of the contest, and their acts, though lacking in skill and courtesy, are not characterized by deliberate willfulness, with purposes of obstruction and delay, they may now have an opportunity to proceed with diligence. Carswell, Davis, Adel and Close, JJ., concur; Hagarty, J., dissents and votes to affirm, with the following memorandum: My vote rests on the decision of the learned surrogate, supported by the record, in my opinion. He held that " The entire attitude and manner of action of the present applicant since the inception of the proceeding has been vexatious to a degree. He apparently knows little and cares less for the ordinary dictates of courtesy and orderly procedure and seeks to supply the deficiency by semi-incoherent vituperation and recitals of irrelevancies, seemingly hoping thereby to capitalize upon the nuisance value of his objections." The decision continues that, since no excuse for the defaults was offered, there is a strong inference that the defaults were designed to postpone the long overdue trial and that in any event there is no demonstration of merits or probability of success.

In the Matter of the Application of DOMINICK GRIGO, Petitioner, for a Certiorari Order against NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of the New York State Liquor Authority revoking petitioner's liquor license, after a hearing of charges and a finding that he had violated the provisions of subdivision 5, section 106, of the Alcoholic Beverage Control Law, unanimously confirmed and certiorari proceeding dismissed, without costs. No opinion. Present — Hagarty, Carswell, Davis, Johnston and Taylor, JJ.