CHARLES J. SHOFI et al., as Liquidating Directors of Columbia Associates, Inc., et al., Plaintiffs, *v.* JOHN HOY, as Sheriff of the County of Westchester, Defendant.

Supreme Court, Special Term, Westchester County, September 12, 1952.

*Harry J. Herman, County Attorney,* for defendant.

*Fuerst & Tannenbaum* for plaintiffs.

EAGER, J. In an action against a Sheriff for alleged wrongful levy upon and sale of property under an execution, the defendant moves to dismiss the action upon the ground that the summons was not served within three months after it was issued, as required by section 697 of the Civil Practice Act and upon the further ground that no complaint has been served upon the defendant, although defendant filed a notice of appearance and demand more than twenty days prior to the bringing of this motion. The plaintiffs oppose the motion by defendant and have made a motion to open up their default in service of a complaint herein and for permission to serve upon defendant the complaint, a copy of which is annexed to the motion papers.

The defendant's motion is granted and plaintiffs' motion is denied. In the first place, it appears that the summons was not served within three months after it was issued as required by section 697 of the Civil Practice Act.

In any event, the plaintiffs' default should not be opened and therefore, pursuant to section 257 of the Civil Practice Act, defendant's motion for dismissal of action for failure to serve a complaint, should be granted. It appears from the proposed complaint and the affidavit submitted by plaintiffs that the plaintiffs have no cause of action against the defendant Sheriff and consequently, it would be improper to open plaintiffs'. default. Where a plaintiff fails to show a meritorious cause of action, his default in service of a complaint should not be opened. (See *Titus* v. *Halsted,* 209 App. Div. 66.)

It appears that the action is brought against a Sheriff who is the successor in office to a deceased Sheriff who made the alleged wrongful levy and sale of goods complained of by plaintiffs herein. The statute (Civ. Prac. Act, § 697) provides that a person who has claimed personal property may, upon meeting certain conditions, maintain an action against " the sheriff who

\* \* \* has sold the property claimed ''. Defendant is not the Sheriff who sold the property claimed by plaintiffs.

This action is in the nature of one for conversion or trespass.

The complaint is based upon the allegations therein contained that the Sheriff wrongfully levied upon and took into his possession property of the plaintiffs and that he wrongfully converted and sold the same. The wrongdoer, therefore, was the former Sheriff, who is now deceased, that is, if there was any wrong, and it does not appear that the defendant, who is successor of the deceased Sheriff, participated in or ratified the alleged conversion or wrongdoing. The general rule is that, '' one person is not liable for a conversion by another person where he did not direct, advise, participate in, or benefit from, it and he does not bear such a relation to the latter person as would make him responsible for his acts.'' (65 C. J., Trover and Conversion, § 103, p. 64.) The court has not been referred to any case in which it has been held that a Sheriff is in such a relation to his predecessor in office as to be liable for the predecessor's alleged wrongful levy and sale. On the other hand, it has been said that in an action against a Sheriff and deputy for alleged wrongful seizure of property, the Sheriff's successor in office is not liable so as to be properly substituted as defendant at the expiration of term in office of the former. (57 C. J., Sheriffs and Constables, § 640, p. 949.)

Submit order on notice.