EDWARD C. HEILAND, Doing Business as DIAMOND T OF UTICA, Plaintiff, *v.* VIRGIL SALM et al., Defendants.

Supreme Court, Special Term, Oneida County, June 2, 1955.

*Capecelatro & Capecelatro* for plaintiff.

*A. G. Gambitta* and *Ira M. Ball* for defendants.

DEL VECCHIO, J. This motion is to open the default judgment rendered against the defendants for the failure of their attorneys to answer the case when it appeared upon the day calendar. The supporting affidavits convince me that the default was unintentional and due to neglect on the part of the Supreme Court Clerk to notify defendants' attorneys that the case would appear on the day calendar, after it had been put over the term.

The action was commenced in February, 1954. After issue was joined the case appeared on the trial calendar for the terms of April, 1954, and January, February, March, April and May, 1955.

The attorney of record for the defendants has his office in the city of Oneida, Madison County, and engaged the services of an attorney with offices in the city of Utica, Oneida County, to watch the trial calendar. On May 3, 1955, the Utica attorney appeared at the call of the general calendar and, although the attorney for the plaintiff had announced the case ready, it was put over the term because it appeared that the defendants were about to file a petition in bankruptcy. The Supreme Court Clerk marked the case over the term on his calendar. Later, however, at the request of the attorney for the plaintiff, the clerk placed the case on the day calendar for May 17, 1955.

Neither the attorney for the defendants nor the attorney acting for him in Utica was advised that the case was to be on the day calendar for May 17th, and they had no reason to expect it would appear on the day calendar during the May term.

At the call of the calendar on May 17th, there was no appearance on behalf of the defendants and the attorney for the plaintiff informed the court that defendants had filed a petition in bankruptcy; thereupon, the motion for judgment was granted by default. It now appears that the default was not willful or intentional and that judgment was taken without the knowledge or consent of the defendants or the attorneys representing them.

Plaintiff contends that on a motion of this kind defendants must show not only that there was an excusable failure to appear on their part but also facts establishing a meritorious and argu-

able defense to the action, and that a bare, formal affidavit of merit does not satisfy the requirement of a factual showing of a meritorious defense. (*Rothschild* v. *Haviland,* 172 App. Div. 562; *Titus* v. *Halstead,* 209 App. Div. 66.)

I am not convinced that this rule applies in a case such as this where the failure to appear at the call of the day calendar was not due to any neglect on the part of the attorneys for the defendants but was due to the failure of plaintiff's attorney and the Supreme Court Clerk to notify defendants' counsel that the case had been restored to the day calendar at the request of plaintiff's attorney, without the knowledge or consent of the attorneys for the defendants after it had once been put over the term.

In *Marcus* v. *Simotone & Combined Sound & Color Films* (135 Misc. 228), Shientag, J., said: "With due regard to the zeal which an attorney should properly display in his client's behalf, and quite irrespective of what he believes to be the merits of the pending litigation, ordinary professional courtesy demands that he should not ask for judgment by default against his opponent unless he is satisfied, after communicating with him, that the default is willful or intentional."

Assuming, however, that defendants are required upon this motion to show facts indicating the existence of a valid defense to the action, this court is of the opinion that defendants have satisfied that requirement. In reaching that conclusion, I have considered the answer of the defendants which, in my view, is properly before the court on a motion of this nature. The present action is to recover on a conditional sales contract. It appears however from the verified answer and the original contract, to which reference is made in Paragraph 6, that the contract was marked "Paid" in January, 1954, and that defendants have an apparently meritorious defense to the action.

In *Baldwin* v. *Yellow Taxi Corp.* (221 App. Div. 717), the court said, at page 718: "There can be no question regarding the power of the court in its discretion and upon terms to open defaults of this nature in the furtherance of justice, both by right of statute (Civ. Prac. Act, § 108) and by the power inherent in it. (*Ladd* v. *Stevenson,* 112 N. Y. 325; *Hatch* v. *Central National Bank,* 78 id. 487.) It will usually exercise that power as a matter of general policy to permit actions to be tried on their merits by giving each party his fair day in court. (*Allen* v. *Fink,* 211 App. Div. 411, 415; *Gideon* v. *Dwyer,* 17 Misc. 233; affd., 7 App. Div. 608.) Such motions will be denied ordinarily

only when there has been some persistent wrongful conduct, willfulness or bad faith by a party. (*Rycroft* v. *Pierce,* 150 App. Div. 521; *Falvey* v. *Cornwall Terminal Co., Ltd.,* 209 id. 448; *Tabakin* v. *Freiman,* 217 id. 665.) "

In view of the fact that defendants, by a verified answer, deny the material allegations of the complaint and set forth as an affirmative defense that the contract has been cancelled, in the furtherance of justice, they should be given an opportunity to present their defense upon a trial of the action. (*Union Trust Co.* v. *Smith Milling Co.,* 217 App. Div. 176.)

Motion to open the default judgment is granted; inasmuch as defendants' failure to appear was neither willful nor intentional, no condition is imposed. (*Gustavus J. Esselen, Inc.,* v. *Visor,* 180 Misc. 537; *Judge* v. *Carol Motor Sales,* 112 N. Y. S. 2d 886.) The cause is set down for trial at the head of the day calendar for October 3, 1955.

Order accordingly.