Le Roy J. Jones, Plaintiff, *v.* Merchants Mutual Casualty Company et al., Defendants.

Supreme Court, Special Term, Albany County, July 26, 1955.

*Harold J. Shannon* for plaintiff.

*Maynard, O'Connor & Smith* for defendants.

BOOKSTEIN, J. This action was commenced July 20, 1953. Issue was joined August 5, 1953. Note of issue was filed August 7, 1953. A demand for a bill of particulars was served on August 4, 1953. No bill was served in compliance with such demand. On November 30, 1953, a motion was made, returnable at Special Term, December 11, 1953, for an order of preclusion. That motion was granted by default and the order of preclusion was signed by me December 14, 1953.

In the meantime, the cause, having been reached on the alarm calendar, and no bill of particulars having been served, was transferred to the deferred calendar where it presently reposes. In June of this year, the cause, although on the deferred calendar, was again reached on the alarm calendar and again could not proceed because of plaintiff's failure to serve a bill of particulars.

Plaintiff at Special Term, June 27, 1955, moved before me, to be relieved of the preclusion order and to be permitted to serve a bill of particulars.

Apparently, the court has either inherent power or power, in its discretion, to grant such relief, under section 105 of the Civil Practice Act. (*Sevouny* v. *Henry Hellman Co., Inc.*, 133 Misc. 714; *Lannon* v. *Carroll Towing Co.*, 235 App. Div. 690; *Ogden Print. Co.* v. *Miller Harness Co.*, 279 App. Div. 1054. Cf. *Baldwin* v. *Yellow Taxi Corp.*, 221 App. Div. 717, 718; *Allen* v. *Fink*, 211 App. Div. 411, 415–416.)

Certainly, demands and orders for bills of particulars are to be of no avail if they can be ignored with impunity and the failure to comply therewith condoned, for the mere asking, regardless of the lapse of time. The Special Terms in this district have become overwhelmed with the volume of motions for preclusion orders. Some of this has been produced by our refusal to recognize as a reason for refusing to place on the day calendar at Trial Term, the fact that a bill of particulars has not been served, when no motion for an order of preclusion has been made. When one has been made and an order granted, and the case is reached for trial, at Trial Term, we are then met with the proposition that a motion is thereafter returnable at Special Term to be relieved from the preclusion order. A vicious cycle is created. Delay in trial is accomplished, under circumstances created by the failure to comply with either a demand or an order for a bill of particulars or a preclusion order.

The following expression by Mr. Justice WALSH, in *Katzman* v. *Gaskey* (108 N. Y. S. 2d 713, 714), is particularly apt: " The procedure in our courts in trial practice, particularly with reference to bills of particulars and orders of preclusion, is at a very low ebb. Such demands and orders are so frequently ignored that the procedure established for these incidents to trial have lost a substantial part of their purpose and effectiveness. It might also be noted that it is not unusual for cases to be carried on the trial calendar without reason for a long period of time ".

It seems to me that the time has arrived, for the Bench and Bar together, to restore some " purpose and effectiveness " to the procedure with respect to bills of particulars and orders of preclusion. It would be salutary to refuse to relieve parties from orders of preclusion unless the party seeking to be relieved makes a real case of excusable neglect, " mistake, omission, irregularity or defect " before the court's discretion is exercised in his favor.

In the light of these general observations, let us examine the reasons offered by plaintiff why the court's discretion

should be exercised in favor of granting his application.

The affidavit in support of plaintiff's motion is made by his attorney.

He says that the order of preclusion gave him thirty days to serve a bill of particulars. The thirty-day period began to run December 16, 1953; that an entry was made in the January section of the 1953 diary and was not carried over into January, in the 1954 diary. Such an error is, of course, possible and, even excusable; that such " neglect and failure " did not come to his attention until June, 1954, when he was notified that the case had reached the alarm calendar; that he then waited until my return to a Special Term in Albany County, before instituting this proceeding for relief from the preclusion order.

The fact is that I was designated to and did hold all of the stated Special Terms in this district in December, 1954, a fact readily ascertainable by a glance at the 1954 designation of Trial and Special Terms. But no such motion was made before me in December, 1954. Moreover, plaintiff, under our rules, could have applied to me at chambers at any time for an order to show cause returnable before me, for such relief without waiting for any of my designated Special Terms. Moreover, he could have moved at any Special Term before any justice designated to hold one, for the relief sought and on the return day could have requested that it be referred to me. But even, overlooking these obvious practical steps, what excuse is there for the failure to move at my Special Terms in December, 1954? None is advanced.

It was only in June of 1955, when the case was again reached on the alarm calendar and its trial again put off that this motion was made.

The original oversight was excusable. The " neglect and failure " for more than a year since, are not. Sound discretion, it seems to me, dictates a denial of the motion.

Motion denied.

Submit order.