■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CITROEN, Appellant.— Motion to dismiss appeal on the ground that the order is not appealable granted and appeal dismissed. (Code Crim. Pro., § 517.) Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ALBERT FREISTADT, J. MILFORD KIRKUP, JR., IRVING GARFINKLE and WILLIAM EGELMAN, Defendants. THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. J. MILFORD KIRKUP, JR., ALBERT FREISTADT, IRVING GARFINKLE and WILLIAM EGELMAN, Defendants.— Motion by defendant Kirkup to dismiss the indictments as to him for want of prosecution (Code Crim. Pro., § 668; Judiciary Law, § 149, subd. 2). Motion denied. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ NATHAN BAKER et al., Doing Business under the Name of BREVOORT MANAGEMENT Co., Respondents, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In an action by licensed real estate brokers to recover a commission, the appeal is from a judgment entered on a jury verdict in favor of the brokers. Judgment reversed on the law, without costs, and complaint dismissed. The findings of fact are affirmed. In our opinion the evidence was insufficient as a matter of law to establish either that respondents had produced the purchaser or that they were the procuring cause of the sale. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ SARINA BONGIORNO, Appellant, v. SALVATORE SALOMONE et al., Respondents, et al., Defendant.— In an action to set aside the transfer of certain shares of stock, upon the ground that the transaction was induced by false representations, and for other relief, the appeal is from an order granting respondents' motion to vacate an inquest taken by appellant and to open their default on the trial. Order modified by striking from the ordering paragraph everything following the word "granted" and by substituting therefor the words and figures: "on condition that defendants pay plaintiff $100 and be ready for trial on December 8, 1958, for which day the case is ordered to be placed on the Calendar of Special Term, Part III, subject to the approval of the Justice Presiding; otherwise, motion denied, with $10 costs to plaintiff." As so modified, order affirmed, without costs. Within 10 days after the entry of the order hereon respondents must make the payment to appellant and serve a copy of said order on the clerk of Special Term, Part III, of the Supreme Court, Kings County. In our opinion, terms should have been imposed as a condition to the opening of respondents' default. (Cf. *Baldwin* v. *Yellow Taxi Corp.*, 221 App. Div. 717.) Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.