■ CHARLES BARNETT CO., INC., Respondent, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant.— Order unanimously reversed on the law and as a matter of discretion, without costs, and the motion denied, with leave to the plaintiff to move to vacate the dismissal upon proper papers including an affidavit of merits to be furnished by the party plaintiff. On January 2, 1957, the case was marked off the Trial Calendar. On January 3, 1958, the case was dismissed pursuant to subdivision 2 of rule 302 of the Rules of Civil Prac-

tice. Said dismissal resulted from plaintiff's failure to cause the action to be restored to the Trial Term Calendar within one year after it had been marked off. Plaintiff moved to vacate the dismissal of the complaint and for leave to move for the restoration of this case to the Trial Calendar on filing a certificate of readiness. While it may be that under the circumstances of this case there was a showing of valid excuse for the inactivity and delay, in no event can the plaintiff be relieved of its default absent an affidavit of merits. The same consequences flow from plaintiff's failure to restore the action to the Trial Calendar within one year after being marked off as upon failure to prosecute an action, and, therefore, the same considerations apply as on motions to dismiss for failure to prosecute. (See *Walsh* v. *Ben Riley's Arrowhead Inn*, 2 A D 2d 714.) We have repeatedly held that a failure to prosecute requires the dismissal of the action in the absence of a showing of merits. (*Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867; *Hyde & Sons* v. *Roller Derby Skate Co.*, 1 A D 2d 942; *Davis* v. *Cunard S. S. Co.*, 284 App. Div. 1036; *Cooper* v. *Schnabolk*, 283 App. Div. 937.) The same rule applies on motions to open a default which is similar in nature to the instant application. (*Fitzgerald Mfg. Co.* v. *Alexander*, 200 App. Div. 164, appeal dismissed 234 N. Y. 608; *Titus* v. *Halsted*, 209 App. Div. 66.) Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.