In the Matter of James CITROEN, a witness before the Grand Jury of the County of Kings, held in and for the March, 1958, Term hereof as extended.

Misc. No. 2197.

United States District Court
E. D. New York.

Feb. 3, 1959.

Henry A. Lowenberg, New York City, for James Citroen.

Edward S. Silver, Dist. Atty., Kings County, by William Sonenshine, Brooklyn, N. Y., Cornelius W. Wickersham, Jr., U. S. Atty., by Marie L. McCann, Asst. U. S. Atty., Brooklyn, N. Y.

RAYFIEL, District Judge.

James Citroen was served with a subpoena directing him to appear and testify before a Grand Jury sitting in and for the County of Kings, in the State of New York, in connection with an investigation into "ambulance chasing," then being conducted before Hon. George A. Arkwright, a Justice of the Supreme Court of the State of New York for the Second Judicial Department.

He moved before a Judge of the County Court of Kings County to quash said subpoena on the ground that only limited immunity could be granted to him. His motion was denied. He thereupon appealed from the order denying said motion to the Appellate Division of the Supreme Court, which granted the motion of the District Attorney of Kings County to dismiss the appeal, People v. Citroen, 181 N.Y.S.2d 189. His application for leave to appeal to the Court of Appeals of the State of New York was denied by Chief Judge Albert Conway.

Having exhausted his remedies in the state courts he now asks this Court to quash the subpoena which required him to appear and testify before the Grand Jury at 10:00 A.M. on January 26, 1959.

In support of his application he urges:

1. that the privilege against self-incrimination of a witness who appears before a Grand Jury of the State is guaranteed by Article I, § 6, of the Constitution of the State of New York;

2. that while immunity can be granted by the Grand Jury to such witness under Section 2447 of the Penal Law of the State of New York, it would not be as broad and extensive in scope as the said privilege against self-incrimination;

3. that while it is true that several sections of said Penal Law authorize and empower the grant of immunity from prosecution for various crimes, including bribery, Citroen would not be immune from prosecution for engaging in a conspiracy (Section 584 of said Penal Law) to commit the crime of bribery, if the substantive crime could not be established;

4. that his answers to questions propounded by the Grand Jury would result in an investigation of his State income tax returns and his possible prosecution for tax evasion.

Section 2447 of the Penal Law of the State of New York provides that a person who answers questions or produces evidence before a Grand Jury "shall not be prosecuted or subjected to *any* penalty or forfeiture for or on account of *any* transaction, matter or thing concerning which, * * * he gave answer or produced evidence, and that *no* such answer

given or evidence produced shall be received against him upon *any* criminal proceeding." (Emphasis added).

Article 54, Section 580 et seq., of the Penal Law of the State of New York refers to the crime of conspiracy. Section 584, under said article, provides that "in any criminal proceeding before any court, magistrate, or grand jury, * * * the court, magistrate or grand jury, * * * may confer immunity in accordance with the provisions of section two thousand four hundred forty-seven of this chapter." People v. De Feo, 284 App.Div. 622, 131 N.Y.S.2d 806, reversed on other grounds 308 N.Y. 595, 127 N.E. 2d 592.

*No federal question has been raised by the movant.* He has made no claim that (1) the immunity granted by section 2447 of the Penal Law, limited as he states it is, might expose him to prosecution for a federal offense, or (2) that the limited extent of such immunity is violative of the Due Process Clause of the Constitution of the United States.

As to (1), the Supreme Court, in Knapp v. Schweitzer, 357 U.S. 371, at page 379, 78 S.Ct. 1302, at page 1307, 2 L.Ed.2d 1393, said, "investigation under state law to discover corruption and misconduct, generally, in violation of state law could easily be thwarted if a State were deprived of its power to expose such wrongdoing with a view to remedial legislation or prosecution. * * * To achieve these essential ends of state government the States may find it necessary, as did New York, to require full disclosure in exchange for immunity from prosecution. This cannot be denied on the claim that such state law of immunity may expose the potential witness to prosecution under federal law. See Jack v. Kansas, 199 U.S. 372, 26 S.Ct. 73, 50 L.Ed. 234. Every witness before a state grand jury investigation would feel free to block those vitally important proceedings."

As to (2), the case of Twining v. New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97, is authority for the principle that the Due Process Clause of the 14th Amendment of the Federal Constitution is not protective of the privilege against self-incrimination in a state court.

Accordingly, the motion to quash the subpoena is denied.