■ MARY FIRSTENBERG, Appellant, v. ARTHUR F. BILLS et al., Respondents.— In an action to recover moneys allegedly due under a mortgage note claimed to have been given as collateral security for a loan made to a corporation, payment of which was guaranteed by the defendants who executed a mortgage on their home, the plaintiff appeals from the following two orders of the Supreme Court, Kings County: (1) An order, dated November 28, 1962, which granted the defendants' motion to open their default in answering the complaint, with leave to defendants to serve and file their answer (which pleaded a defense of usury); directed that the default judgment stand as security pending the disposition of the action; and directed that all other proceedings theretofore taken to enforce the judgment be vacated and set aside. (2) An order, dated

January 25, 1963, which granted the defendants' motion for an order directing plaintiff and her attorneys to make restitution to the female defendant of the moneys collected on the judgment. Order, dated January 25, 1963, affirmed, without costs. Order, dated November 28, 1962, modified by adding a provision requiring the defendants, as a further condition to opening their default, to pay to plaintiff the total amount of her actual disbursements and costs in seeking to enforce collection of the judgment; such amount to be paid within 30 days after plaintiff shall have served upon defendants' attorney an itemized statement, under oath, showing plaintiff's actual disbursements and costs. As so modified, order affirmed, with $10 costs and disbursements to plaintiff. The proposed defense has merit (*Shapiro* v. *Weissman*, 7 A D 2d 752; *Rose Factors Co.* v. *Schwarz*, 16 A D 2d 659). It was within the exercise of its discretion for the Special Term to determine that the default was not deliberate and was excusable, and that, therefore, the default should be vacated (cf. *Baldwin* v. *Yellow Taxi Corp.*, 221 App. Div. 717). But defendants were dilatory in moving to vacate the default judgment and, by their delay, caused the plaintiff to expend moneys in seeking to enforce collection of the judgment. Under the circumstances, it was an improvident exercise of discretion for Special Term to grant defendants' motion to open their default without imposing the additional condition requiring them to reimburse plaintiff for the moneys which she expended (5 Carmody's New York Practice [2d ed.], § 1525; cf. *Silken* v. *Farrell*, 278 App. Div. 592). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.